WINCE *v.* STATE.

In Banc. April 11, 1949.

(39 So. (2d) 882)

**Harry K. Murray** and **Vance W. Good**, for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Montgomery, J.**

The appellant, Tom Wince, was jointly indicted with Abe Johnson in the Circuit Court of Warren County on a charge of grand larceny. Appellant was placed on trial after a severance and was convicted by a jury and sentenced to serve a term of four years in the state penitentiary, from which conviction he appeals to this Court.

The larceny charged was from the store of the Valley Dry Goods Company, a Mississippi corporation, domiciled in Vicksburg, Mississippi. There were five floors in said store and on the fifth floor was a storeroom containing goods. Abe Johnson was employed in the storeroom for the purpose of wrapping goods ordered from the store to be delivered by the Company's trucks. He had no authority to sell goods or to take orders for goods or merchandise in said store.

Several of the managers in the store were introduced as witnesses to show that inventory and records of goods were kept by the said store, and that at certain times they missed certain merchandise and that their records did not show these goods to have been sold. They had Abe

Johnson arrested. Mr. Otto Finane, captain of detectives of the Vicksburg Police Force, made an affidavit for search warrant before the police justice of Vicksburg, an ex officio justice of the peace, and upon this affidavit search warrant was issued for the search of the dwelling house of Tom Wince and the out houses connected therewith, situated on 602 Clay Street, in the City of Vicksburg, Warren County, Mississippi, for the stolen articles, described in the said search warrant as being blankets, sheets, towels, pillow cases, and glasses, and other valuables. The premises of Tom Wince, who was operating a night club under the name of the Blue Room, were searched under said search warrant by said officer, and some sixteen blankets were recovered in said search. These were then and there tagged and tied up and turned over to the Circuit Clerk and were later identified as the property of the Valley Dry Goods Company, stolen from their storeroom on the fifth floor.

Abe Johnson testified that Tom Wince asked him if he could get him some sheets and blankets "on the quiet"; that he stole the blankets out of the storeroom for Tom Wince and wrapped them up and put them in the delivery for Tom Wince in care of the Blue Room; that he stole the blankets with Tom Wince's knowledge that they were being stolen, and that Tom Wince paid him $25 on one occasion and $10 on another occasion, and the balance of the agreed price in whiskey, which he drank at Tom Wince's place of business. He testified that he stole sixteen blankets for Tom Wince and sent them out in the Valley Dry Goods truck in regular delivery.

Tom Wince denied any knowledge that the blankets were stolen and denied any agreement with Abe Johnson to steal the blankets for him. His defense was that Abe Johnson had told him that he was entitled to a fifteen percent discount as an employee, and that he could sell these blankets to him and have them delivered in the Valley truck.

As above stated, the issue was submitted to the jury and they returned a verdict of guilty as charged.

It is first assigned as error by the appellant that the Court erred in admitting the evidence obtained by the search warrant, over the objection of the defendant, because said search warrant was void in that, first, the affidavit for the search warrant was never filed in any court, and second, that the affidavit does not give the name of the owner of the property, and that, third, the search warrant does not give the name of the owner of the property and does not contain any return by the officer who served it.

Section 2604 of the Mississippi Code of 1942 is as follows:

"State of Mississippi, ———— County.

"Before me, Andrew Sims, a justice of the peace of said county, Edward Nolly makes oath that, on or about the ———— day of ———— 1906, in the said county, a box of candles and a case of brogan shoes, the property of affiant, of the value of one hundred dollars were feloniously stolen, taken, or carried away; and affiant suspects Samuel Miller as the person guilty of said crime, and has reason to believe and does believe that the said stolen articles, or some of them, are now concealed in or about the dwelling house, or outhouses connected therewith, of the said Samuel Miller, in said county; and affiant prays a search warrant to search said premises, and seize the said goods if found, and also the body of said Samuel Miller, to be disposed of according to law.

"Edward Nolly.

"Sworn to and subscribed before me, the ———— day of ————, 1906.

"Andrew Sims, J. P."

It will be noted tht this is a form of affidavit and the form contemplates that it is to be made by the owner of the property in that it uses the phrase "the property of affiant." However, Section 2576, of the Code of 1942, provides that the search warrant may be issued on the

affidavit of "a credible person." It will be further noticed that under the terms of Section 2576, of the 1942 Code, that it is required only that "the affidavit and warrant must specify the goods to be seized and the person or place to be searched."

The affidavit and the search warrant constitute the legal processes justifying the search of the main premises for the recovery of stolen goods. The purpose of the search warrant is merely to authorize the officer to make the search. It does not charge any person with the crime of larceny of the goods. There is no good reason to require that the affidavit and search warrant shall show the name of the owners of the property, and we do not think that such a showing in the affidavit and the search warrant is necessary or required by our statutes.

In addition, we do not think it is necessary for the affidavit to have been marked "filed" by the police judge. Section 1812 of the 1942 Code provides that civil cases shall be begun before the justice of the peace by "lodging" with the justice of the peace the evidence of the debt or the statement of the cause of action. Under Section 1812 of the Code of 1942, it is provided that criminal cases are begun by "lodging" the affidavit with the justice of the peace. We find no statute, and our attention has not been called to any statute, requiring a justice of the peace to mark an affidavit "filed," and hence there being no statutory requirement therefor it was not necessary that the affidavit be marked "filed" before the search warrant could issue.

With reference to the return on the search warrant, we wish to call the attention of all officers executing search warrants to the urgent need of making their return on the search warrant, as provided by the law. It is not necessary or proper here for us to pass upon the question of the protection of the officer by the search warrant in cases where he has made no return thereon, and we do not pass upon this question here. We are only concerned with the admissibility of the evidence disclosed by the

search in a case where the search warrant does not contain any return by the officer executing it. We find that the rule is well stated in 56 C. J., page 1246, Section 166, as follows: ██ ██ ''The failure of an officer to make a return of a search warrant properly issued and served will not invalidate the search warrant, or a search and seizure made thereunder, even where the statute requires the return within a certain time, the return being merely a ministerial act, which may be performed later. Thus the omission to make a full return is an irregularity that may be corrected on motion. Nor does such a search warrant become void because of an improper return, or error therein, but it may be amended to conform to the facts.''

The search warrant in this case was based upon a lawful affidavit, and the search warrant itself was a lawful warrant duly authorizing the officer executing it to make search of the property named therein for the stolen articles described in the warrant. It follows from this that at the time the officer was making the search he was engaged in a lawful act and was doing that which the law justified him in doing. The stolen articles were legally recovered as a result of said search. It would be an anomaly for us to hold that the mere failure of the officer to make his return upon the search warrant would relate back and make unlawful that which the law says was lawful at the time the search was being made and the goods were being recovered. We are unwilling to hold that the failure to make a return on the search warrant invalidates the search and makes the testimony incompetent as to the articles recovered by the search. This is neither good law nor logical reasoning.

It is further assigned as error that the Court erred in overruling the motions of the defendants at the conclusion of the evidence for the State, and at the conclusion of all of the evidence in the case, to exclude the evidence and direct a verdict for the defendant. We find no error in the action of the court in overruling these motions.

The evidence contained in this record is entirely sufficient to support the charge in the indictment, and the jury was justified by evidence beyond a reasonable doubt in returning a verdict of guilty as charged.

We find no error in this record, and the decision of the lower court will be affirmed.

Affirmed.