INZER, Justice:
Appellant, Jack Caldwell, was indicted, tried and convicted of the crime of burglary in the Circuit Court of Oktibbeha County. He was sentenced to serve a term of six years in the state penitentiary, and from this sentence he appeals.
The testimony reveals that sometime during the night of May 11 or the early morning hours of May 12, 1966, someone entered the Jitney Jungle store in Starkville, Mississippi and took away about twenty cartons of cigarettes. Mr. Thomas Gardner, an employee whose duty it was to open the store, found the front door locked when he went to the store on the morning of May 12. He unlocked it, and upon entering discovered that the cigarettes were missing. His investigation revealed that someone had managed to enter the store by pushing an instrument into the space between the front door and the door facing, and moving the latch on the lock back so that the door could be opened. After entry, the door had been relocked. Mr. Gardner also found that the lock on the rear door had been prized open. Evidently the person or persons who entered the store had departed by this means. Mr. Gardner discovered that three boxes had been emptied of their contents in the rear of the store. One of these boxes was a Delsey tissue box. The boxes were missing. Some of the cigarettes takep were packages of cigarettes of assorted brands which had been removed from their cartons and placed on racks near the cash register. All of the missing cigarettes had been purchased from Malone and Hyde, a wholesale grocery company of Tupelo, Mississippi.
The police were notified, and they investigated the burglary. They were informed of the missing items and also of the fact that the missing boxes had price marks on them. On May 14, 1966, Chief of Police Thomas Josey and Officer Jim Raines made an affidavit for a search warrant to search the house trailer occupied by *880 appellant and his wife. The affidavit described the place to be searched, and it described the things to be seized as “Currency, merchandise and items of personal property which may result from a burglary of Corhern’s Big Star grocery in the City of Starkville, Oktibbeha County, Mississippi, including cigaretts (sic) and tobacco.” The affidavit contained a proper statement of the facts upon which the affidavit was made. It recited that Corhern’s Big Star grocery had been broken into during the early morning hours of May 14, I960, and that Jack Caldwell, appellant, had been seen near the scene of the burglary near the time of the offense; that since the offense had been committed, Jack Caldwell could not be found, and his wife refused to allow the officers to inspect the trailer to ascertain whether the stolen merchandise and personal property consisting of currency, cigarettes and tobacco were therein.
Upon this affidavit a search warrant was issued by the circuit judge. The search warrant described the place to be searched and the things to be seized as follows: “Items of merchandise and personal property, including currency which may result from a burglary of Corhern’s Big Star grocery in the City of Starkville, Oktibbeha County, Mississippi, specifically including cigarettes and tobacco.” The search warrant also contained the following provision: “Do not interpret this writ as limiting your authority to seize all contraband and things the possession of which in itself is unlawful which you find incident to your search, or as limiting your authority to make otherwise valid arrests at the place described above.”
The officers, armed with the search warrant, went to the premises described. Appellant was not there, and a copy of the search warrant was served upon Mrs. Caldwell. Chief Josey testified that they found stacked in a drawer 99 packages of cigarettes. He was allowed to testify over the objection of appellant that when the cigarettes were discovered Mrs. Caldwell exclaimed, “Oh, my Lord, I didn’t know that there was anything like that many in there.” There were 99 packages of cigarettes of assorted brands, including 18 packages of Marlborough, 16 Viceroy, 14 Chesterfield, 26 Winston, and S Kools. Outside the trailer the officers found a Delsey tissue box that had a price mark similar to the marking described as the one having been taken from Jitney Jungle. The cigarettes and the box were seized by the officers. Mr. Gardner identified the Delsey tissue box as the one taken from Jitney Jungle by the price mark that he had written on the box when it was placed in the store. He also was able to identify the cigarettes as being the ones taken from Jitney Jungle by the type of stamp on them.
Appellant assigns as error several reasons for reversal of this case, but these assignments raise only two questions that we think merit discussion. The first is whether the trial court was in error in overruling appellant’s objection to the introduction of the evidence obtained by the officers in their search of the house trailer; the second is whether the trial court was in error in overruling appellant’s objection to certain testimony introduced by the State.
 Appellant urges that the evidence obtained by a search under a search warrant covering property alleged to have been stolen from Corhern’s Big Star was not admissible in his trial on the charge of burglary of the Jitney Jungle. Appellant says in his brief that he was acquitted by a jury of the charge relative to the Big Star, and to allow the fruit of the search to be used against him in this case constitutes double jeopardy in violation of his constitutional rights. We find no merit in this contention for the reason there is no proof in this record that appellant was ever charged with any offense with reference to the Big Star, or that he was tried and acquitted of such charge. However, the question does remain as to whether the evidence obtained by virtue of the search was admissible. The search warrant was issued under the authority of Mississippi *881 Code Annotated section 2576 (1956), which states:
A justice of the peace or any judge or chancellor, on the affidavit of a credible person, may issue a search warrant and cause stolen or embezzled goods to be seized; but the affidavit and warrant must specify the goods to be seized and the person or place to be searched.
Under the provisions of this section it is only required that the search warrant specify the goods to be seized and the person or place to be searched. In Wince v. State, 206 Miss. 189, 39 So.2d 882 (1949), this Court said:
The affidavit and the search warrant constitute the legal processes justifying the search of the main premises for the recovery of stolen goods. The purpose of the search warrant is merely to authorize the officer to make the search. It does not charge any person with the crime of larceny of the goods. There is no good reason to require that the affidavit and search warrant shall show the name of the owners of the property, and we do not think that such a showing in the affidavit and the search warrant is necessary or required by our statutes. (206 Miss, at 199, 39 So.2d at 884)
In Williams v. State, 216 Miss. 158, 61 So.2d 793 (1953), a search warrant was issued to search the premises for intoxicating liquor, and during the search stolen property was discovered. It was seized, and we held that inasmuch as the officers were lawfully upon the premises and found the stolen property, possession of which was illegal and the equivalent of contraband or of a contraband nature, the officers had a right to seize the property, and that the fruits of their search were admissible in evidence. The search warrant in this case contains a specific provision authorizing officers to seize in addition to the property described all contraband and things the possession of which was unlawful.
The Delsey tissue box was found outside and very near the trailer. The officers recognized it as being the same type described to them as having been taken from Jitney Jungle. They saw the price mark thereon. The search warrant, authorized them to search the house trailer, the approaches, and appurtenances thereto. In our opinion the officers had the right under the warrant to seize the box and the cigarettes. These items were sufficiently identified as having been taken from Jitney Jungle, and we hold that the trial court was not in error in overruling appellant’s objection to this evidence.
The trial court was in error in overruling appellant’s objection to the testimony of Chief Josey relative to what Mrs. Caldwell said at the time of the search of the house trailer. This testimony indicates that Chief Josey either had asked Mrs. Caldwell if they had any cigarettes in the trailer or had told her they were looking for cigarettes, and she had told him that they bought cigarettes two or three cartons at the time. He was allowed to testify, over objection, that when the large number of packages of cigarettes were found in the drawer she said, “Oh, my Lord, I didn’t know that there was anything like that many there.” None of the testimony of Chief Josey relative to what was said by Mrs. Caldwell in the absence of her husband was competent. It was hearsay. Furthermore, by virtue of the provisions of Mississippi Code Annotated section 1689 (1956), Mrs. Caldwell was incompetent to testify against her husband without his consent. We are of the opinion that this testimony was prejudicial. The State-points out that after the State had rested, the appellant called his wife as a witness in his behalf. However, she was not questioned relative to whether she did or did not make the statement attributed to her by the officer. She testified only that her husband was out of the state at the time of the alleged burglary. In any event, what she said or did not say at the time the search was being made was not competent evidence, and appellant did not under these circumstances waive his objection. Smith *882 v. State, 193 Miss. 474, 10 So.2d 352 (1942); Davis v. State, 157 Miss. 669, 128 So. 885, 886 (1930).
The trial court was also in error in overruling appellant’s objection to the testimony of the police officers relative to other burglaries having been committed in the vicinity about the same time. The fact that other burglaries had been committed in the area at about the same time of the burglary for which appellant was being tried was immaterial, and the only purpose such testimony could serve would be to lead the jury to believe that the appellant was probably involved in other burglaries.
There are other errors assigned which probably will not recur on another trial of this case.
For the reasons stated, we are of the opinion that this case should be reversed and remanded for another trial.
Reversed and remanded.
ETHRIDGE, C. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.