534 So.2d 1019 (1988)
Billy Gunn BROWN
v.
STATE of Mississippi.
No. 58009.
Supreme Court of Mississippi.
November 9, 1988.
Rehearing Denied December 28, 1988.
*1020 G. Jyles Eaves, Louisville, John Arthur Eaves, Jackson, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and GRIFFIN, JJ.
*1021 GRIFFIN, Justice, for the Court:

I.
Billy Gunn Brown was indicted by the Lauderdale County Grand Jury on May 9, 1986, with four different charges arising from occurrences from March 7, 1985, through August 31, 1985. Count I charged Brown with sexual battery of a minor child, M.B., § 97-3-95, Miss. Code Ann. (Supp. 1986); Count II with touching and handling a minor child, M.B., § 97-5-23, Miss. Code Ann. (Supp. 1986); Count III with contributing to the delinquency of a minor, M.B., § 43-23-25, Miss. Code Ann. (Supp. 1986); and Count IV with contributing to the delinquency of a minor, G.C., § 43-23-25, Miss. Code Ann. (Supp. 1986).
A jury trial was held in the Circuit Court of Lauderdale County, Honorable Lester F. Williamson presiding, on August 25, 1986. Billy Gunn Brown was found guilty of all four charges.
The court sentenced Brown to 12 years in the Miss. Dept. of Corrections on Count I. He was fined $1,000 on Count II, $500 on Count III, and $500 on Count IV. From this verdict and sentence, Brown appeals. The appellant assigns as error the following:
1. The court erred in overruling appellant's motion to quash the multiple count indictment and for allowing the State to try the appellant on all counts in a single trial.
2. The court erred in admitting into evidence certain physical evidence that was unconstitutionally obtained and that should have been suppressed.
3. The court erred in allowing introduction of immaterial, irrelevant, and highly prejudicial evidence that when taken as a whole denied appellant his right to a fair and impartial trial.
We find appellant's assigned errors without merit and affirm his conviction and sentence.

II.
Billy Gunn Brown was born May 21, 1932. He is a disabled veteran. Due to a spinal injury, sustained while serving in the army during the Korean conflict, he lost all use and movement of his body from the waist down. Brown was a Justice Court Judge of District I, Lauderdale County, from January 1976, until August 1984.
M.B. is the daughter, by a prior marriage, of Brown's ex-wife. Her mother and Brown divorced in August, 1984. M.B. began living with Brown in March 1985 in order to attend Northwest school in Meridian. She was thirteen (13) years old at the time the offenses were committed.
G.C. was one of M.B.'s best friends. She began spending nights at Brown's house in March, 1985. She was fourteen (14) at this time.
After March, 1985, Brown started showing the two girls pictures of nude women. He offered them $75.00 each to pose for pictures. The girls posed nude, and in various positions. They were also shown Playboy magazines.
Brown then began having parties for the girls. The girls were given alcoholic drinks, marijuana, and other drugs. They were then taken to Brown's bedroom, where Brown undressed them and performed various sexual acts with them. These encounters started in April, 1985 and continued until August, 1985. In addition to these acts, Brown had the girls use various methods to stimulate him; and they burned their initials into his sides. He showed the girls movies depicting lesbian acts and had them engage in lesbian relations at least once.

III.

DID THE TRIAL COURT ERR IN OVERRULING BROWN'S MOTION TO QUASH THE MULTIPLE COUNT INDICTMENT?
Appellant, Brown, was charged in a multi-count indictment on May 9, 1986. At that time there was no statute in effect allowing this type of indictment. Appellant filed a demurrer to the indictment, citing Stinson v. State, 443 So.2d 869 (Miss. 1983); Bennett v. State, 451 So.2d 727 (Miss. 1984); Johnson v. State, 452 So.2d 850 *1022 (Miss. 1984); Friday v. State, 462 So.2d 336 (Miss. 1985); Thomas v. State, 474 So.2d 604 (Miss. 1985). This demurrer was overruled.
On July 1, 1986, § 99-7-2 Miss. Code Ann. (Supp. 1986) went into effect. This statute states:
1. Two or more offenses which are triable in the same Court may be charged in the same indictment with a separate count for each offense if:
(a) the offenses are based on the same act or transaction; or
(b) the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
2. Where two or more offenses are properly charged in separate counts of a single indictment, all such charges may be tried in a single proceeding.
3. When a defendant is convicted of two or more offenses charged in separated counts of an indictment, the court shall impose separate sentences for such conviction.
4. The jury, or the Court in cases in which a jury is waived, shall return a separate verdict for each count of an indictment drawn under subsection (1) of this section.

A.

Ex Post Facto
Appellant argues that by allowing the multiple count indictment, the trial court applied § 99-7-2 in such a manner as to constitute an ex post facto law, in violation of the United States Constitution, Art. I, Sec. 10. Because our decision on the multi-count indictment is based upon existing case law, and not § 99-7-2, we will not rule on this issue.

B.

The Multiple Indictment
Brown urges that the multiple count indictment results in multiple punishments growing out of the same set of operative facts, which constitutes reversible error, citing Stinson v. State, 443 So.2d 869 (Miss. 1983); Bennett v. State, 451 So.2d 727 (Miss. 1984); Johnson v. State, 452 So.2d 850 (Miss. 1984); Friday v. State, 462 So.2d 336 (Miss. 1985); Thomas v. State, 474 So.2d 604, 605 (Miss. 1985). He further argues that certain evidence would have been inadmissible in separate trials, and that the cumulative effect of all of the evidence prejudiced his right to a fair trial. In support of this proposition, he cites Friday v. State, supra, in which this Court stated that consolidation where evidence of the crime would not be mutually admissible in separate trials destroyed the defendant's right to the presumption of innocence.
No case in the Stinson line held that it was error in and of itself for the State to obtain a multiple count indictment. It was the combination of the indictment with a trial on all counts that created error. Stinson did not create a per se rule that the multi-count indictment was error. Dixon v. State, 465 So.2d 1092 (Miss. 1985) and Breckenridge v. State, 472 So.2d 373 (Miss. 1985).
As stated in Justice Robertson's special concurrence to Thomas v. State, 474 So.2d at 607, there is a great potential for mischief in allowing a multi-count indictment where the charges arise out of separate transactions or occurrences in that the jury may believe that the defendant is charged with so much that he must be guilty of something. However, as this Court held in Dixon and Breckenridge, there is no error when the crimes have the same elements of proof and arise from the same transactions or occurrences.
The holding in Friday v. State, supra, is based upon a recognition of the danger of prejudice to the defendant in allowing evidence inadmissible for one of the charged crimes but inadmissible for another.
In Friday v. State, supra, we held:
Because of the inherent prospect of destroying a defendant's right to the presumption of innocence, Mississippi does not allow trial on separate charges to be consolidated where evidence of the crime would not be mutually admissible in separate trials and where the defendant is *1023 subject to receiving more than one sentence.
Examining the evidence introduced in Brown's trial, his actions toward the victims, M.B. and G.C., were clearly part of the same occurrences or schemes. The nude photographs, Playboy magazines, lesbian movies, and drugs and alcohol were methods by which Brown seduced the two victims. These events were part of the sexual battery. These same acts were relevant to the charges of contributing to the delinquency of a minor. Under Miss.Rules of Evidence Rule 404(b), other crimes or acts are admissible:
(b) Other crimes, wrongs, or acts.
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of notice, opportunity, intent, preparation, plan, knowledge, identity, or absence of a mistake or accident.
See also, Whitlock v. State, 419 So.2d 200, 203 (Miss. 1982); Carter v. State, 450 So.2d 67, 69 (Miss. 1984); Neal v. State, 451 So.2d 743, 759 (Miss. 1984).
In Neal, this Court recognized that "... proof of another crime is admissible where the offense charged and that offered to be proved are so interrelated as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences." 451 So.2d at 743.
Because the multi-indictments arose from the same transactions or occurrences, and the evidence against Brown was admissible for each of the charged crimes, there was no error in allowing trial on the multi-count indictment.

IV.

WAS EVIDENCE OBTAINED IN VIOLATION OF BROWN'S CONSTITUTIONAL RIGHTS?
Evidence introduced at trial was obtained in three searches. Three separate search warrants were issued on October 17, 1985, March 14, 1986, and March 25, 1986. One affidavit was used for the issuance of all three warrants. Warrants two and three were issued based on additional statements of victims. Brown asserts that because there was an improper return in the October search warrant, it was invalid and the evidence obtained was subject to suppression. Because evidence obtained in the October search was used to obtain the second and third warrants, these were also fatally defective. At a pre-trial hearing, the trial court overruled Brown's motion to suppress the evidence obtained in these searches.
Brown did not cite any authority supporting his argument, nor did he state how he was prejudiced by the alleged flaws in the warrants.
This Court is under no obligation to consider this error without citation to authority. Clark v. State, 503 So.2d 277 (Miss. 1987); Kelly v. State, 463 So.2d 1070 (Miss. 1985); Redmon v. State, 457 So.2d 1344 (Miss. 1984). Appellant has a duty to support an assignment with authority, Shive v. State, 507 So.2d 898 (Miss. 1987); Pate v. State, 419 So.2d 1324 (Miss. 1982); an assignment of error lacking authority lacks persuasion on review. Smith v. State, 430 So.2d 406 (Miss. 1983).
However, in the interest of justice we will examine validity of the warrants and the issue of the "improper return."
The return and inventory of a search warrant subsequent to its execution is a ministerial act. Wince v. State, 206 Miss. 189, 39 So.2d 882 (1949). This court in Wince adopted the rule stated in 56 C.J. p. 1246, Sec. 166 as follows:
The failure of an officer to make a return of a search warrant properly issued and served will not invalidate the search warrant, or a search and seizure made thereunder, even where the statute requires the return within a certain time, the return being merely a ministerial act, which may be performed later. Thus the omission to make a full return is an irregularity that may be corrected on motion. Nor does such a search warrant become void because of an improper return, *1024 or error therein, but it may be amended to conform to the facts. 39 So.2d at 884.
The holding in Wince was followed in Cole v. State, 237 So.2d 443 (Miss. 1970) and Ward v. State, 461 So.2d 724 (Miss. 1984).
The officers conducting the searches, Detectives Thomas and Sollie, testified under oath concerning the affidavits and underlying circumstances of the issuance of the warrants. The search warrant of October, 1985, was issued based upon an affidavit and the testimony of Officer Thomas. His information was obtained by interviewing the victim, G.C. The second search warrant was supported by Officer Thomas' affidavit and the statement of a second victim, M.B. The third warrant, which permitted the taking of blood and hair samples, was issued based upon Thomas' testimony as to what he observed in the second search.
We find that the evidence admitted at trial was not unconstitutionally obtained, there was ample probable cause to issue each of the three warrants, and no error was committed by the trial court.

V.

WAS BROWN DENIED HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL DUE TO THE INTRODUCTION OF IMMATERIAL, IRRELEVANT, AND HIGHLY PREJUDICIAL EVIDENCE?
Brown argues that the combination of several instances of the introduction of incompetent or inflammatory evidence resulted in the denial of his right to a fair trial. McDonald v. State, 285 So.2d 177 (Miss. 1973). These instances were: a) the introduction of 80 Playboy Magazines confiscated in a search of his home; b) testimony by both Detectives Sollie and Thomas, indicating that there may have been other victims; c) the testimony of the State's witness J.B. which implicated the appellant in a sale of marijuana; and d) testimony about a lesbian film and the introduction of a film confiscated in the search.
On examining each issue raised by Brown, we find that he was not denied a fair trial.
When the Playboy magazines were introduced into evidence, the defense objected on the grounds that Brown's ownership had not been proven and it is not unlawful to possess these magazines. No relevancy objection was made to the introduction of the magazines, therefore Brown is barred from raising the matter here, Lucas v. State, 381 So.2d 140 (Miss. 1980); Jones v. State, 367 So.2d 458 (Miss. 1979); Pyron v. State, 349 So.2d 1063 (Miss. 1977). This Court confines itself to objections made in the trial court. Tubbs v. State, 402 So.2d 830 (Miss. 1981).
On cross-examination, Detectives Sollie and Thomas were asked what type of pictures they were searching for at the defendant's home. Each answered that they were looking for photos of "other victims." In each case, defense counsel objected to the answer and moved for a mistrial. The objections were sustained and the jury was instructed to disregard the answers. Defendant's motion for a mistrial was overruled in each case. Any impropriety in these responses was elicited in response to Brown's own questions, therefore he cannot complain of the answers. Gholar v. State, 203 Miss. 371, 35 So.2d 706 (1948).
A witness for the State testified that alcohol and marijuana were available at the Brown house and that Brown gave her money to purchase marijuana. Defense counsel's objection to any reference to the sale of marijuana as evidence of other crimes was sustained by the court, and the jury was admonished to disregard. Therefore, prejudicial error does not result from that testimony. Shelby v. State, 402 So.2d 338 (Miss. 1981); Herron v. State, 287 So.2d 759, 766 (Miss. 1974).
It was not error to allow evidence of the consumption of marijuana since this evidence was relevant to the charge of contributing to the delinquency of a minor.
M.B. testified that she had seen a "lesbian film" at Brown's home; that a *1025 movie which was confiscated by Detectives Sollie and Thomas was the same movie. This movie was not played for the jury. Only the package and title were displayed when the film was introduced.
Detective Thomas testified that the victims had identified the film. Defense objected on the basis of hearsay. This objection was overruled.
The court's decision to admit exhibits into evidence is left to the discretion of the court. Carter v. State, 310 So.2d 271, 273 (Miss. 1975); Gandy v. State, 373 So.2d 1042, 1047 (Miss. 1979). We find that no error was committed in allowing the introduction of the film into evidence.
In summary, in McDonald this Court recognized that several instances of inflammatory and irrelevant material, taken as a whole, may result in a "fatally prejudicial" proceeding. 285 So.2d at 179. The case sub judice does not qualify as such a proceeding.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.