724 So.2d 996 (1998)
Richard BLACK, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00714 COA
Court of Appeals of Mississippi.
December 18, 1998.
*997 David Lee Daniels, Tupelo, Attorney for Appellant.
Office of the Attorney General by Pat Flynn, Attorney for Appellee.
BEFORE THOMAS, P.J., DIAZ AND SOUTHWICK, JJ.
THOMAS, P.J., for the Court:
¶ 1. Richard Black appeals his conviction of burglary, count one; armed robbery, count two; and aggravated assault, count three. Black was sentenced as an habitual offender to the custody of the Mississippi Department of Corrections to serve a term of seven years on count one, twenty years on count two, and twenty years on count three, with all three sentences to run consecutively. Feeling aggrieved, Black appeals on the following issues of error:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF HIS RIGHT TO SPEEDY TRIAL
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR, IN REFUSING *998 DEFENDANT'S CIRCUMSTANTIAL EVIDENCE INSTRUCTION
III. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT PURSUANT TO MISSISSIPPI CODE ANNOTATED, § 99-19-81
Finding no error, we affirm.

FACTS
¶ 2. During the evening hours of January 20, 1995, the Marshall Durbin, Inc. processing plant in Tupelo, Mississippi was burglarized. While making his normal rounds, John Anderson, a security guard with Marshall Durbin, discovered an intruder in the business office. Anderson was searching for a light switch when he was struck in the face with some type of heavy rod or stick with such force as to render Anderson temporarily unconscious. As a result of the blow, considerable damage was inflicted to the bone structure of Anderson's face. Anderson regained consciousness sometime later and managed to make his way back outside where an employee aided him and called the police. He was treated in the emergency room for a long laceration to his face and hospitalized that night for observation. Anderson later underwent reconstructive surgery to repair both the ceiling and the floor of his orbid, the area surrounding the eye socket. Dr. Duong testified that in order to repair Anderson's orbid, bone was taken from Anderson's hip and transplanted to his damaged orbid.
¶ 3. At trial Anderson testified to the events of January 20, 1995. Anderson testified that he was on duty at the entrance gate to the Marshall Durbin plant checking in the night shift employees when a man approached the plant entrance at around 7:25 p.m. and identified himself as Richard Black. Anderson testified that Black looked familiar but that he did not know his name. Anderson questioned Black. Black produced a Marshall Durbin I.D. and stated that he had been transferred from the day shift to the night shift. After producing proper I.D., Black was allowed to enter the plant.
¶ 4. At around 7:30 p.m., Anderson began his security checks at the plant and noticed some suspicious activity in the business office. Anderson testified that the main door was unlocked and had signs of forced entry. He entered the office and spotted another open office door at the end of the hallway. Anderson testified he heard some noise down the hallway and called out, "Who's back there?" A man answered and said, "It's me Richard Black, I've caught a drunk that was breaking in the office." Anderson called out, "Where is he?" and Black answered, "I've got him back here." As Anderson was looking for a light switch, Black approached him. Anderson testified a light was shining from the hallway and that he could identify the man as Richard Black. Anderson further testified that as he turned back around, Black struck him in the face with some object and that he fell to the floor and lost consciousness. Anderson later discover that his wallet was missing and that approximately $60 was in the wallet.
¶ 5. Anderson testified that while he was in the hospital, he was asked to view a photo lineup and to try to identify his assailant. Anderson declined to make an identification at that time due to the swelling in his eyes. He further testified that a few weeks later he did view a photo lineup and that by that time the swelling had subsided and he was able to identify the person who had hit him on January 20, 1995. Anderson identified Richard Black from the lineup. Anderson also positively identified Richard Black at trial as the person who had assaulted him.

ANALYSIS

I.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF HIS RIGHT TO SPEEDY TRIAL
¶ 6. Black argues that his statutory right to a speedy trial was violated as protected under Miss.Code Ann. § 99-17-1 (Rev.1994). We must note from the outset that Black has advanced convoluted speedy trial arguments to this Court. In his brief, Black bases his argument on § 99-17-1. However, at trial *999 Black presented a motion to dismiss on United States constitutional grounds. In addition, we note that the orders setting trial are not included in the clerk's papers, and therefore, this Court is placed in the arduous position of reviewing an incomplete record. We have, however, constructed a case chronology from the dates stated in the briefs and from the record as submitted to this Court.

 Chronological Order of Events for Speedy Trial Analysis
 Delay Following
Date Event the Event
01/20/95 Commission of the crime. 0
02/03/95 Arrest. 112
05/26/95 Filing of indictment. 314[1]
04/04/96 Arraignment. Order appointing Roy Farrell as Black's
 counsel. Trial set for 08/07/96. 123
08/05/96 Motion for continuance by Farrell. Farrell had a death in
 the family and would have been unable to proceed at trial
 on 08/07/96. Case was continued until the next regular
 term of court. Although it is unclear from the record
 when the new trial date was set, all indications point to
 11/19/96. 2
08/07/96 No trial occurred. 76
10/22/96 Order substituting counsel entered because Farrell was
 leaving the office of the public defender. Wayne Housley
 was substituted as Black's new counsel. 28
11/19/96 No trial occurred. Order entered continuing for cause
 until the next regular term of court. 97
02/24/97 Motion by Housley to withdraw due to a conflict of interest.
 The motion was granted and David Daniels was substituted
 for Housley. Again it is unclear from the record
 when trial was reset, however trial was set for 05/28/97. 93
05/28/97 Trial began. Motion to dismiss for speedy trial violation
 filed and denied. Black was convicted on all three counts
 and sentenced. 0
 TOTAL NUMBER OF DAYS ELAPSED 845

¶ 7. The important dates are as follows: Black was arrested on February 3, 1995; indicted on May 26, 1995; arraigned on April 4, 1996; and tried on May 28, 1997. There is no order setting the original trial date; however, it is apparent from Black's motion for continuance filed on August 5, 1996 that trial was set for August 7, 1996. Having found satisfactory grounds for a continuance, the court granted Black's motion for continuance due to a death in the family of defense counsel Roy Farrell. One hundred twenty-three days elapsed between arraignment and the August 5, 1996 motion for continuance. *1000 One hundred twenty-three days are charged to the State.
¶ 8. The trial was continued until the next term of the court; however, it is again unclear from the record when the second trial date was set. Based upon the briefs of both parties, as submitted to this Court, all indications point to November 19, 1996 as the next trial date. Prior to the November 19, 1996 trial date, the court entered an order on October 22, 1996 substituting counsel due to Farrell's departure from the office of the public defender; Wayne Housley was substituted as Black's defense counsel. On November 19, 1996, the trial court entered an order, due to an over crowded court docket, continuing Black's trial until the next regular criminal term of the court. "Delays caused by overcrowded dockets are not to be weighed heavily against the State." State v. Magnusen, 646 So.2d 1275, 1282 (Miss.1994); Adams v. State, 583 So.2d 165, 167 (Miss. 1991); Bailey v. State, 463 So.2d 1059, 1063 (Miss.1985).
¶ 9. On February 24, 1997, Housley filed a motion to withdraw due to a conflict in interest in representing Black. That motion was granted by order of the court on the same day, and David Daniels was substituted as counsel for the defense. Once again, the record is silent as to when trial was reset; however, trial was actually held on May 28, 1997. We note that Black never filed a motion to dismiss or asserted his right to a speedy trial until the day of trial on May 28, 1997.
¶ 10. On May 28, 1997, the day of trial, Black filed a skeletal motion to dismiss asserting that "the delay of this trial has resulted in prejudice in the preparation of Defendant's defense, in that he is unable to recall material events, and is unable to locate material witnesses for his defense to the charge." He asserted, therefore, that he was "deprived of rights guaranteed to him under the due process clauses of the United States Constitution, Fifth and Fourteenth Amendments." Black presented no testimony or evidence on this motion and stood mute before the court when the court addressed the motion to dismiss in stating, "We also had a Motion to Dismiss filed today. That Motion to Dismiss is denied, it having not been timely filed. Anything further?" The court added that the number a continuances filed by Black weighed against him in his motion to dismiss.
¶ 11. Although Black's motion to dismiss at trial appears to be founded under the United States Constitution, the brief he presents to this Court is based upon the Mississippi statutory right to be tried within 270 days. Since Black, at least on the record as it appears before this Court, waited until the day of trial to file a motion to dismiss based on United States constitutional grounds, presented no testimony or evidence, and therefore failed to present any arguments showing prejudice, we hold that he procedurally defaulted on this issue at trial.
¶ 12. A review of Black's argument, as submitted in his brief to this Court, reveals a failure to articulate to this Court the argument he advanced at trial in his motion to dismiss. It is well settled law in this State that an appellant is under the duty to provide authority and support for his assignments of error. Hoops v. State, 681 So.2d 521, 526 (Miss.1996); Kelly v. State, 553 So.2d 517, 521 (Miss.1989); Brown v. State, 534 So.2d 1019, 1023 (Miss.1988); Harris v. State, 386 So.2d 393, 396 (Miss.1980). The law is equally clear in this State "that failure to cite authority may be treated as a procedural bar, and we are under no obligation to consider the assignment." McClain v. State, 625 So.2d 774, 781 (Miss.1993) (citing Smith v. Dorsey, 599 So.2d 529, 532 (Miss.1992)); See Hoops, 681 So.2d at 526; Hewlett v. State, 607 So.2d 1097, 1106 (Miss.1992); Kelly, 553 So.2d at 521; Brown, 534 So.2d at 1023.
¶ 13. As to his statutory 270 day argument on appeal, Black has likewise defaulted for presenting us with argument not advanced at trial. "Under Mississippi law, an appellant is not entitled to raise a new issue on appeal, since to do so prevents the trial court from having an opportunity to address the alleged error." Dunn v. State, 693 So.2d 1333, 1339 (Miss.1997) (citing Crowe v. Smith, 603 So.2d 301, 305 (Miss.1992)); See Duplantis v. State, 644 So.2d 1235, 1247 *1001 (Miss.1994). The 270 day argument before us today is in effect an attempt to restyle his trial motion to dismiss on statutory grounds verus constitutional grounds and therefore cannot survive on appeal. Despite the procedural bar, Black's assignment of error is without merit, whether argued on United States constitutional or Mississippi statutory grounds.

Constitutional Analysis for Speedy Trail
¶ 14. For United States constitutional purposes, Black's right to a speedy trial attached and time began to run upon his arrest on February 3, 1995. Handley v. State, 574 So.2d 671, 674 (Miss.1990). The constitutional right to a speedy trial exists separately from the Mississippi statutory right, which attaches at the time of the accused's arraignment. Ross v. State, 605 So.2d 17, 21 (Miss.1992); Bailey, 463 So.2d at 1062; Perry v. State, 419 So.2d 194, 198 (Miss.1982). Once the constitutional right to speedy trial has attached, we are bound by the analysis of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine if Black's right to a speedy trial has been violated. Smith v. State, 550 So.2d 406, 408 (Miss.1989).
¶ 15. Under Barker we must look to the length of the delay, the reason for the delay, whether Black asserted his right, and whether he was prejudiced by the delay. Barker, 407 U.S. at 533, 92 S.Ct. 2182. "No one of the factors is, in itself, dispositive; rather they must be considered together in light of all the circumstances." Adams, 583 So.2d at 167. We are also mindful when evaluating these factors that:
No mathematical formula exists according to which the Barker weighing and balancing process must be performed. The weight to be given each factor necessarily turns on the quality of evidence available on each and, in the absence of evidence, identification of the party with the risk of nonpersuasion. In the end, no one factor is dispositive. The totality of the circumstances must be considered. We are mindful indeed that no one factor is dispositive of the question. Nor is the balancing process restricted to the Barker factors to the exclusion of any other relevant circumstances.
McGhee v. State, 657 So.2d 799, 801-02 (Miss.1995) (citing State v. Magnusen, 646 So.2d 1275, 1278 (Miss.1994)).
¶ 16. The time between Black's arrest and trial was 845 days. Any delay is presumptively prejudicial if it is eight (8) months or longer. Smith, 550 So.2d at 408. However, this factor, standing alone, will not dispose of this issue; therefore, a closer examination of the remaining Barker factors is required. Perry v. State, 637 So.2d 871, 874 (Miss.1994); Handley, 574 So.2d at 676.
¶ 17. The State bears the burden of showing that any delay not attributable to the defendant should not be counted against the State by a showing of good cause for the delay. Polk v. State, 612 So.2d 381, 386 (Miss.1992); Fleming v. State, 604 So.2d 280, 299 (Miss.1992). A total of 845 days elapsed between Black's arrest and trial. A total of 426 days between arrest and arraignment. A careful review of the record, in conjunction with the briefs presented to this Court, fails to reveal, as the State properly concedes, any explanation for the 426 day delay. We do note, however, that Black was not incarcerated during this time nor has he demonstrated any prejudice he may have suffered as a result of a delay in his trial.
¶ 18. The period of time between arraignment and trial consisted of 419 days. Here, 199 days are attributable to motions for continuances and substitutions of counsel filed by Black. Where the defendant's actions cause the delay, we weigh that period of time against him. Taylor v. State, 672 So.2d 1246, 1258 (Miss.1996). "A delay caused by the actions of the defendant, such as continuances, tolls the running of the time period for that length of time, and is subtracted from the total amount of the delay." Id. Thus, we weigh 199 days against Black.
¶ 19. On November 19, 1996, the trial was continued until the next regular term of court due to an overcrowded court docket. This delay counts for 97 of the 419 days between arraignment and trial. We have held that periods of delay as a result of overcrowded dockets weigh against the *1002 State, although less heavily. Adams, 583 So.2d at 169. It is clear that, at best, the State could be charged with only 220 days if the 97 day delay for court congestion were to be weighed against the State. The remaining 199 days are tolled as they are clearly attributable to the conduct of Black.
¶ 20. As to Black's failure to assert his right to a speedy trial until the day of trial on May 28, 1997, we weigh this factor against Black. It is readily apparent from the record that Black failed to assert or demand a speedy trial until the day of trial. In Barker, the Court stated that while a defendant's failure to assert his right to a speedy trial is not to be considered a waiver of that right, the Court went on to state that "failure to assert the right will make it difficult for a defendant to prove he was denied a speedy trial." Barker, 407 U.S. at 532, 92 S.Ct. 2182.
¶ 21. The final factor to be considered is the prejudice the delay has caused the defendant. Here, Black's only contention of prejudice is vaguely argued in his motion to dismiss, where he states, "the delay of this trial has resulted in prejudice in the preparation of Defendant's defense, in that he is unable to recall material events, and is unable to locate material witnesses for his defense to the charge." We note, as previously discussed, that Black stood idly by as the court ruled on his motion to dismiss. He made no attempt to argue his motion, present testimony, or offer evidence on this matter. Again, the record reflects that there were additional charges pending against Black during this period covered in the case chronology.
¶ 22. Therefore, Black has failed to show any prejudice as a result of any delay. Having reviewed all of the Barker factors in their entirety, and after reviewing the total circumstances of this case, we conclude that this delay was fair and resulted in no prejudice to Black.

Mississippi Statutory Analysis
¶ 23. A defendant is afforded statutory protection under Miss.Code Ann. § 99-17-1 (Rev.1994) to assure his right to a speedy trial is not violated. It reads as follows: "Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned." Miss.Code Ann. § 99-17-1 (Rev.1994). When a defendant's trial is not commenced within 270 days of arraignment, the State has the burden of establishing good cause for the delay. Vickery v. State, 535 So.2d 1371, 1375 (Miss.1988).
¶ 24. We have conducted a careful review of the record and the events leading to trial. As previously discussed, we conclude that of the 419 days between arraignment and trial, only 220 days are chargeable against the State. The remaining 199 days are tolled as a result of Black's motions for continuance and substitutions of counsel. We see no need to discuss this matter further.

II.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR, IN REFUSING DEFENDANT'S CIRCUMSTANTIAL EVIDENCE INSTRUCTION
¶ 25. Black argues it was error for the trial court to deny his request for a circumstantial evidence instruction. Black maintains that Anderson's testimony revealed he was unable to make reliable identifications of the person who assaulted him on January 20, 1995, and that at Anderson's first photo lineup identification he was unable to identify Black as his assailant. Black further argues that Anderson's testimony was weak and inconsistent and should be viewed with suspicion. Black contends that Anderson's identification under these circumstances fails to rise to the level of direct evidence. We are not persuaded.
¶ 26. Clearly, Anderson was an eyewitness. It is readily apparent from the record that Anderson could see his assailant just prior to the assault and had checked Black in at the front gate just minutes before the attack. In addition, Anderson made positive identifications of Black as the man who had assaulted him in a photo line up and at trial. Black's argument that Anderson was unable to make a positive identification during the first photo lineup is unsupported by the record. The *1003 record reflects that Anderson was unable to clearly see the photo lineup itself due to the swelling in his eyes, not that he could not identify any person in the photo lineup as his assailant. Anderson testified he was asked to look at the photo lineup while in the hospital, but declined to make any identification at that time due to swelling in his eyes. Anderson further testified he viewed the photo lineup a few weeks later after the swelling in his eye had subsided and made a positive identification at that time. The person in the photo that Anderson identified as his assailant was Richard Black.
¶ 27. Our rule on circumstantial evidence instructions is clear. A circumstantial evidence instruction should be given only when the prosecution cannot produce either eyewitnesses or a confession to the offense charged. Stringfellow v. State, 595 So.2d 1320, 1322 (Miss.1992). This assignment of error is without merit.

III.

THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT PURSUANT TO MISSISSIPPI CODE ANNOTATED, § 99-19-81
¶ 28. Black assigns as error the sentence imposed by the court as an habitual offender. In 1985 Black plead guilty to cause numbers 1556C and 1555C, both of which were for armed robbery. Black received concurrent sentences of six years on cause number 1556C and fifteen years on cause number 1555C. Black contends that the indictment was fatally defective, specifically, that the indictment incorrectly stated sixteen years on cause number 1556C instead of correctly stating six years. We are not persuaded.
¶ 29. The indictment was sufficient to inform Black of the pending charges and of his status as an habitual offender. Additionally, we see no prejudice suffered by Black as a result of a typographical error in the indictment. Whether the sentence stated in the indictment for cause number 1556C was six or sixteen years is irrelevant for purposes of sentencing Black under § 99-19-81. The fact remains that Black has had two prior felony sentences and received a separate sentence on each of a year or more. Therefore, the invocation of § 99-19-81's habitual offender status is proper as it reads in pertinent part the defendant "shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution." This assignment of error is without merit.
¶ 30. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I OF BURGLARY AND SENTENCE OF SEVEN (7) YEARS; COUNT II OF ARMED ROBBERY AND SENTENCE OF TWENTY (20) YEARS; COUNT III OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY (20) YEARS, WITH ALL SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE AND SOUTHWICK, JJ., CONCUR.
NOTES
[1] The year 1996 was a leap year.