GRIFFIS, J.,
for the Court.
¶ 1. Russell Johnson appeals his conviction of strong-arm robbery and sentence to twelve years in the custody of the Mississippi Department of Corrections. Johnson argues that the trial court erred in denying Johnson’s constitutional right to a speedy trial. We find no error and affirm.
FACTS
¶ 2. On September 3, 1999, Wilma Schu-ler went to Vowell’s Marketplace with her daughter-in-law. She remained in the vehicle while her daughter-in-law went inside the store. She was sitting in her vehicle when a man opened the door and snatched her purse out of her hands. Ms. Schuler was pulled to the ground in the process. Ms. Schuler testified that she could not identify the man, given how fast the event took place.
¶ 3. Upon his initial arrest, on September 20, 1999, Johnson gave a detailed account of the robbery. Within this confession, Johnson never alluded to his half-brother’s participation in the robbery. However, at trial, Johnson acknowledged his earlier confession to the robbery but altered his earlier admissions to insist that he was merely protecting his brother, Earnest Chapman.
¶ 4. Johnson was arrested and held in the Scott County Jail for seven months before he was released on bond. Johnson was not served with the indictment until March 7, 2003. The trial was held in June of 2003.
ANALYSIS
¶ 5. A criminal defendant’s constitutional right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution. This constitutional right attaches, and time begins to run, upon the defendant’s arrest. Black v. State, 724 So.2d 996(¶ 14) *1205 (Miss.Ct.App.1998) (citing Handley v. State, 574 So.2d 671, 674 (Miss.1990)). When the constitutional right to a speedy trial attaches, we are required to apply the balancing test announced in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 38 L.Ed.2d 101 (1972), to determine if-the right to speedy trial has been denied. Smith v. State, 550 So.2d 406, 408 (Miss.1989). The four Barker factors, which must be balanced in light of the totality of circumstances, are: (1) length of delay, (2) reason for delay, (3) the defendant’s assertion of his right to speedy trial and (4) prejudice resulting to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. 2182. No one factor is dispositive, but rather all factors will be considered together. Adams v. State, 583 So.2d 165, 167 (Miss.1991).

1. Length of Delay

¶ 6. Length of delay is considered to be the triggering mechanism for an inquiry into the other factors. “Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.” Barker, 407 U.S. at 530, 92 S.Ct. 2182. The Mississippi Supreme Court has consistently held that a presumption of prejudice will arise after a delay of eight months or longer. Atterberry v. State, 667 So.2d 622, 626 (Miss.1995); Smith v. State, 550 So.2d 406, 408 (Miss.1989).
¶ 7. A chronology of events beginning with Johnson’s arrest on the robbery charge and ending with his trial is helpful to gain perspective:
September 17, 1999 — arrested for strong-armed robbery
March 28; 2000 — posted bond and released from custody of Scott County Jail
March 7, 2003 — served with the indictment and re-arrested on charge of strong-armed robbery
May, 2003 — arraigned on strong armed robbery charge
June 12, 2003 — tried and convicted on strong armed robbery charge
¶ 8. From the date of the arrest (September 17, 1999) to the date of trial (June 12, 2003), approximately three years and nine months elapsed. Since this was longer than eight months, we find that there is a presumption of prejudice against Johnson., Smith, 550 _So.2d at 408. Therefore, the first factor of the Barker balancing analysis is triggered, weighing against the State.

2. Reason for delay.

¶ 9. The State shoulders the responsibility of bringing the defendant to a speedy trial. Turner v. State, 383 So.2d 489, 490 (Miss.1980). However, when the defendant causes a delay, he' cannot complain and obtain relief. Poole v. State, 826 So.2d 1222, 1228(¶ 17) (Miss.2002)(citing Perry v. State, 419 So.2d 194, 199 (Miss.1982)).
• ¶ 10. At trial, Johnson testified that after his arrest on September 17, 1999, he told the Scott County authorities that he was living with his half-brother in Forest, Scott County, Mississippi. However, after his release from jail in March 2000, Johnson moved to Walnut Grove in Leake County, where he resided with his mother. Johnson further testified that he remained in Walnut Grove until March of 2003, when he was served with the indictment.
¶ 11. The State established that the authorities traveled to Walnut Grove on several separate occasions, only to discover that Johnson was absent from the community due to his employment off shore in another state. Johnson testified that from *1206 2001 until 2003, when he was served with the indictment, he was working in Georgia. He would only come to Walnut Grove for the weekend. Johnson acknowledged that he was only in Mississippi from Friday night until Sunday afternoon and conceded that if the authorities were going to find him, they would have to do so on the weekend. There were other efforts made by the Forest Police Department to serve the indictment on Johnson. The police from Forest resorted to leaving a copy of the indictment with the Walnut Grove Police Department in Leake County requesting that they serve Johnson should he be found. The Leake County Sheriff tried to serve Johnson, but he was not found until March of 2003.
¶ 12. We find that Johnson caused the delay and such delay was beyond the control of the State. Therefore, we find this factor weighing in favor of the State and against Johnson.

3. Assertion of the Right

¶ 13. As stated above, it is the State’s duty to insure that the defendant receives a speedy trial. However, this Court has consistently held that a defendant has some responsibility to assert this right. Wiley v. State, 582 So.2d 1008, 1012 (Miss.1991). It proves to be difficult to find a speedy trial was denied where the defendant himself failed to assert this right. Barker, 407 U.S. at 532, 92 S.Ct. 2182. Here, Johnson failed to assert his right to a speedy trial.
¶ 14. The trial court inquired specifically on this very point. When Johnson was asked by the trial court whether he ever told his lawyer that he wanted a trial, he answered in the negative. The trial court, upon further examination, asked Johnson whether he ever specifically asked for a “speedy trial.” Again, Johnson answered that he never requested such.
¶ 15. In Perry, 637 So.2d at 875, the Court held that “a demand for dismissal for violation of the right to speedy trial is not the equivalent of a demand for speedy trial. Such a motion seeks discharge not trial.” As in Perry, Johnson’s motion was a demand for dismissal of the charges rather than an assertion of his right and a desire for a speedy trial. Therefore, we find this factor to also weigh in favor of the State and against Johnson.
J. Prejudice to the Defendant
¶ 16. Prejudice is assessed in light of three interests concerning the defendant which the right to a speedy trial is designed to protect: (1) the prevention of oppressive pre-trial incarceration, (2) limitation of the possibility of impairment of defense, and (3) the minimization of anxiety and concern of the accused. Barker, 407 U.S. at 532, 92 S.Ct. 2182. Johnson vaguely asserts only one of these protections.
¶ 17. Johnson merely suggests that the delay prejudiced his defense given that his half-brother, Earnest Chapman, could not be found at the time of trial. However, Johnson fails to support his assertion with even one such argument as to how Chapman’s absence may have prejudiced his trial. In his original confession, Johnson never once mentioned his half-brother’s involvement in the robbery of Ms. Schuler. Moreover, when Chapman’s statement was taken, he did not implicate himself in his own statement, but rather Chapman’s statement implicated only Johnson. It was not until trial that Johnson first asserted a general denial in his defense claiming that he only confessed to protect Chapman. In reviewing this assertion by Johnson we find the argument ineffective and insufficient to establish the requisite prejudice.

*1207
Balancing of the Barker factors

¶ 18. We have weighed each factor in the Barker standard and find that Johnson was not denied his right to a speedy trial. This Court considers the initial presumption of prejudice, that of the three years and nine months between the indictment and trial, in Johnson’s favor. However, despite such a finding, we do not find that prejudice resulted to Johnson’s defense as a result of this delay. It is Johnson who must assume the final responsibility for the delay due to his continuous absence from not only the community, but from the State.' Johnson’s assertions of prejudice centered on his inability to locate Earnest Chapman, a material witness for his case. There is no record of Johnson’s attempt,to locate Chapman after the original indictment; Johnson merely states that “the loss of Chapman as a witness did, however, prejudice Appellant’s case.” Johnson’s blanket assertion of prejudice will not suffice to establish that one of his three main protections was disregarded.
¶ 19. Considering all the Barker factors under the totality of circumstances, in addition to the evidence presented against Johnson, this Court finds-that the initial presumption of prejudice has been overcome and no violation of Johnson’s right to a speedy trial has resulted: Accordingly, we affirm the judgment of the circuit court.
¶ 20. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF STRONG ARMED ROBBERY AND A SENTENCE OF TWELVE YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.