GHOLAR *v.* STATE.

(In Banc. June 14, 1948.)

[35 So. (2d) 706. No. 36826.]

Martin & Farr, of Prentiss, for appellant.

374

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Griffith, J.**, delivered the opinion of the court.

There is no dispute that the prosecuting witness was shot with a pistol and dangerously wounded, and there is no issue that it it was without any sort of justification. The sole defense was an alibi and thus the sole issue in the case is as to the identity of the criminal. In his direct testimony on that issue the prosecuting witness named appellant as the person who shot him, claiming

to be able to identify the person in the moonlight after midnight. To bolster or support that identification another witness was introduced who testified that she heard the shot, and the screams of the victim, that she jumped out of bed, called to her son to go with her, and that as soon as her son could also get out of bed she ran to the scene, about a hundred yards distant, as best we can make out of the record, and that when she reached the scene, the wounded man stated to her that the appellant was the person who had shot him.

Appellant's objection to this testimony was overruled on the ground that the statement was a part of the res gestae. That this was error is ruled by Haney v. State, 129 Miss. 486, 487, 92 So. 627, a case which, we think, is precisely in point.

The State does not contend that there was no error in the admission of this testimony, but insists that it was harmless for the reason that the prosecuting witness who made the declaration has taken the stand and has testified that his declaration was in fact true. We have had frequent occasion to rule that it is error to permit the state to bolster the testimony of its witness that he had stated to others out of court what he states in court as the facts; and when that statement is upon the sole or dominant issue in the case, we have held the error reversible. Typical of such a case is Phillips v. State, 177 Miss. 307, 171 So. 24. If we were to hold that a transgression of the rule is harmless if and when the bolstered witness takes the stand and there reaffirms the statement, the rule would amount only to an academic declaration and had as well not be declared at all. It is only when we can say, from the record, that no other verdict could have been reached by an honest jury, that we could pronounce the error harmless, and we do not think this is such a case.

We find no other error in the record, and it is for the above stated error alone that we reverse. But one of the assigned error merits some further notice, since the

same matter will likely arise in a new trial, and that point is this:

On the following morning the sheriff went to the scene of the crime and he found tracks made by a person moving in apparent haste from the scene across the adjoining field. He made plaster-of-Paris casts of some of these tracks. He returned to the jail where the accused had been incarcerated a few hours after the shooting, and compared the casts with the shoes of appellant. The shoes were not being worn by the appellant at the time, but were somewhere in the jail. The result of this comparison was such that the sheriff made some tracks, using the shoes in doing so, and made casts of the tracks thus made by the shoes. These casts, both of the tracks in the field and those made by the shoes, were introduced in evidence before the jury. Objection was made on the ground that it violated appellant's rights against self-incrimination. This objection was not well taken. See Cody v. State, 167 Miss. 150, 165, 148 So. 627 and Patton v. State, 201 Miss. 410, 29 So. (2d) 96, 100.

The further objection is now made that the sheriff was allowed to give an opinion as to the comparison of the shoes with the tracks in the field. When this was offered by the State, the court excluded it, expressly ruling that the prints could be exhibited before the jury but that the sheriff could not express any opinion as to comparisons. Later, when appellant's attorney took the sheriff on cross-examination, and in response to questions propounded on the cross-examination, the sheriff expressed opinions as to the comparisons. Of this appellant cannot complain for two reasons: first, he himself provoked it; and, second, he made no objection to it at the time, and later only in the general form that the evidence was in violation of Section 26 of the Constitution, the section which ordains that an accused shall not be compelled to give evidence against himself.

Reversed and remanded.