SMITH *v.* STATE

No. 43103          December 7, 1964          169 So. 2d 451

242

*Zachary & Weldy*, Hattiesburg, for appellant.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

LEE, C. J.

Appellant, Charles Roland Smith, charged with murder, was convicted of manslaughter and appeals. We are reversing and remanding for a new trial.

The killing occurred on Friday night, September 27, 1963, in a cafe and beer joint patronized by the colored race on Mobile Street in the City of Hattiesburg. The appellant stabbed the decedent, Jessie Porter, seven or eight times. Appellant pled self defense and, as usual, the evidence was conflicting. Without a detailed discussion of the facts, the testimony was sufficient to sustain the verdict.

Nothing in this opinion is to be taken as reflecting upon the honor or integrity of any of the officers here involved. They were attempting to do their duty. The sheriff is the chief law enforcement officer of the county and it is the duty of him and his deputies to assist the district attorney, the main prosecutor for the State.

A situation arose, however, which, in order to preserve the reputation and image of our courts as places where justice is administered without fear or favor, requires that we condemn it. Our courts and juries should be as Caesar's wife, beyond suspicion. Everything should

be done to build and maintain such an image. Nothing should be allowed which may tend to mar or stain the purity of their appearances and acts. Honorable lawyers so desire, and the populace generally is in accord with such a wish.

The evidence here is undisputed that when the jury was being empanelled, was in the box and tendered to the State, the district attorney motioned for the sheriff and his deputies to retire with him to pass upon the jury. This was in the courtroom and in the presence of the jury. It is not denied that the jury in the box, at least some of whom were finally accepted, saw these officers retire with the district attorney to consider them as jurors.

After the jurors were accepted, the court, over objection of appellant's attorney, named as bailiffs to the jury two of the deputies and one constable who had assisted in selecting the jury. The first time the jury left the court attended by these bailiffs, appellant moved to quash the jury, which was overruled. When the State rested its case the motion to quash was renewed, and again overruled. The same thing occurred when both sides rested.

After the verdict and in a motion for a new trial, failure of the court to quash the jury for the same reason was assigned as error. The motion for a new trial was overruled.

At no time did the State offer any evidence except that, when objection to their appointment was made and before they entered upon their duties, the bailiffs testified they knew their duties and would faithfully discharge them.

Never (not even on hearing the motion for a new trial) was proof made by the State to rebut any presumption of bias or prejudice on the part of the bailiffs that might have arisen from their having assisted the State in selecting a jury satisfactory to the prosecuting

attorney. Suppose men who had openly assisted the defense attorney in selecting the jury had been appointed!

No case involving this exact situation has been cited, nor have we been able to find one after considerable research. The fact, however, that it is a new question does not hide, obliterate, nor obscure the basic principles.

The nearest Mississippi case is Lee v. State, 226 Miss. 276, 83 So. 2d 818 (1955), where the bailiffs were material witnesses and the case was reversed for that reason. Of course, the jury there saw the bailiffs testify, but here they saw the bailiffs helping the prosecuting attorney select them, the jurors.

It would be natural for a bailiff helping the State secure a jury to desire that jury to vindicate the bailiff's judgment, and the ordinary juror prefers to be in favor with the high officers of his county.

We quote from the Lee case, as follows: "It is clear that the sheriff and his deputies did not consciously attempt to influence the jurors in deciding the case, but that does not determine the question here involved. We are of the opinion that a material witness should not serve as jury bailiff, and if such witness serves as jury bailiff after objection thereto by appellant, it is reversible error.

"It is a common trait of human nature for witnesses to favor the side of the case on which they testify, and many witnesses become partisans for what they regard as their side of the case. Probably one reason for this is that the witness wants the jury to vindicate his version of the facts. A material witness is partisan, or likely to be; and there are many ways a jury could be influenced without the witness actually discussing the case. Moreover, there is opportunity for actual and intended improper influence which can, and should, be avoided.

"Of equal or greater importance in this regard is the appearance of unfairness, and this is of vital importance; for public confidence in the fairness of jury trials is essential to the existence of our legal system. Whatever tends to threaten public confidence in the fairness of jury trials, tends to threaten one of our sacred legal institutions. There is no reason why a material witness should serve as jury bailiff and the use of the State witnesses as such was reversible error, where timely objection was made thereto, as was done in this case." 226 Miss. at 285, 83 So. 2d at 821.

In 23A C.J.S. *Criminal Law* section 1352 (1961), page 946, it is said: "The sheriff or his deputy is the proper office to take custody of the jury during an adjournment, or after they have retired, where custody is necessary, unless he is disqualified from acting in the particular case, by reason of bias or prejudice. Ordinarily, it is not necessary that the jury be put in charge of a bailiff especially sworn for the occasion, although where the sheriff or deputy is disqualified or otherwise unable to act, the trial judge may appoint a special officer, or he may take charge of the jurors himself."

In Shaw v. State, 79 Miss. 577, 580, 31 So. 209 (1901), it was held that joking remarks by the sheriff to the jury "are presumed to be prejudicial, and necessitate reversal."

The appointment of men who were interested in the choosing of a jury for the State could only carry a presumption of bias or prejudice, and the following quote from the annotation in 21 A.L.R. 2d 1117 (1961), on Separation of Jury in Criminal Case, section 23, is apropos: "A study of the later cases reveals that many of them support the proposition that a separation of the jury during the progress of a criminal trial in violation of the statute or rule against separation, or order of the court, under circumstances that might expose the jurors to improper influences, creates a presumption of

prejudice to the defendant, placing the burden on the prosecution to show that no injury resulted, or could have reasonably resulted.'' No attempt was made to meet this burden here.

██ As heretofore stated, this is not to say that the officers committed any actual wrong. The sheriff and his deputies should continue to aid the district attorney in all reasonable ways, but in order to avoid a situation that might weaken the confidence of the public in our courts and juries, they should not serve as bailiffs to the jury after having helped select that jury.

The other assignments of error are without merit.

Reversed and remanded.

*Kyle, P. J., and Ethridge, McElroy and Patterson, JJ.,* concur.