244 So.2d 414 (1971)
John M. PERKINS
v.
STATE of Mississippi.
No. 46158.
Supreme Court of Mississippi.
February 15, 1971.
Constance Iona Slaughter, George Peach Taylor, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Velia Ann Mayer, Special Asst. Atty. Gen., Jackson, for appellee.
PER CURIAM:
John M. Perkins was convicted in the Circuit Court of Simpson County of contributing to the delinquency of a minor, a misdemeanor, by inducing and persuading an eleven-year-old child to enter and remain in the Simpson County jail contrary to the instructions of the jailer. Miss.Code 1942 Ann. §§ 7185-13 and 7185-02(g) (Supp. 1968). He was fined $400 and sentenced to four months in jail. We reverse.
The defendant, prior to the introduction of evidence by the State, moved the court to direct the police officers who were to be witnesses in the cause to remove themselves from close proximity to the jury *415 box. This request was denied. During the trial in chief Jimmy Griffith, a deputy sheriff and jailer, was observed conversing with a juror shortly after he had testified as a witness for the State. A motion for a mistrial was immediately filed by the defendant. This motion was overruled after the court determined that the conversation was unrelated to the trial.
In Lee v. State, 226 Miss. 276, 285-286, 83 So.2d 818, 821 (1955), we stated:
It is clear that the sheriff and his deputies did not consciously attempt to influence the jurors in deciding the case, but that does not determine the question here involved. We are of the opinion that a material witness should not serve as jury bailiff, and if such witness serves as jury bailiff after objection thereto by appellant, it is reversible error.
It is a common trait of human nature for witnesses to favor the side of the case on which they testify, and many witnesses become partisans for what they regard as their side of the case. Probably one reason for this is that the witness wants the jury to vindicate his version of the facts. A material witness is partisan, or likely to be; and there are many ways a jury could be influenced without the witness actually discussing the case. Moreover, there is opportunity for actual and intended improper influence which can, and should, be avoided.
Of equal or greater importance in this regard is the appearance of unfairness, and this is of vital importance; for public confidence in the fairness of jury trials is essential to the existence of our legal system. Whatever tends to threaten public confidence in the fairness of jury trials, tends to threaten one of our sacred legal institutions. There is no reason why a material witness should serve as jury bailiff and the use of the State witnesses as such was reversible error, where timely objection was made thereto, as was done in this case.
See also Smith v. State, 251 Miss. 241, 169 So.2d 451 (1964), and the cases therein cited.
We are of the opinion that the court erred in not granting a mistrial since Griffith was a material witness for the State as well as a "courtroom deputy" and of necessity in close contact with the jury. Under these circumstances we are of the opinion that the above-cited authorities are controlling which necessitate a reversal of the case.
We have examined the other assignments of error and consider them to be without merit.
Reversed and remanded.
ETHRIDGE, C.J., and RODGERS, BRADY, PATTERSON, SMITH and ROBERTSON, JJ., concur.