284 So.2d 305 (1973)
Claude Albert STAMPLEY
v.
STATE of Mississippi.
No. 47464.
Supreme Court of Mississippi.
October 22, 1973.
*306 Fred C. Berger, Natchez, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
Claude Albert Stampley was indicted by the Grand Jury of Adams County, Mississippi, on a charge of the burglary of the residence of Fred Berrett. He was tried, convicted and sentenced to serve a term in the Mississippi State Penitentiary for a period of our (4) years.
The testimony offered by the state shows that the appellant and one Curtis Martin broke into the home of Fred Berrett along about eight to twelve o'clock on April 29, 1971, and took two (2) television sets, silver plate and other property belonging to Fred Berrett. They then conveyed the property to New Orleans, Louisiana, and sold it. They were stopped by a policeman in New Orleans on a traffic infraction. The officer noticed the property in the truck and he took the serial numbers of the television sets. He testified at the trial and corroborated the state's witness, an accomplice who had previously pled guilty to burglary.
The appellant has appealed and now contends that the judgment of the trial court should be reversed, and the appellant granted a new trial, because it is said that the lower court erred in allowing the district attorney to bolster the testimony of an accomplice, and that the trial court erred in permitting one deputy sheriff to take the jury to lunch and in permitting another deputy sheriff to enter the jury room at a time when some of the jurors were in the room.
An examination of the testimony in this case has convinced us that there is ample evidence in the record from which the jury could properly determine the guilt of appellant. There are, however, two propositions raised by the appellant which are of sufficient gravity to require a response from this court.
During the trial the accomplice testified that the defendant was with him at the time they burglarized the residence of Mr. Berrett. On cross-examination, the attorney for appellant sought by his examination to show that the accomplice had been promised a parole in order to get him to testify as to the guilt of the defendant. The witness denied this accusation. He was then asked if he had not told an attorney that Claude Albert Stampley had nothing to do with the burglary prior to the trial. The witness denied making such a statement. Thereafter, on re-direct examination, the district attorney asked the witness:
"Now, think now. Had you ever told anyone about going to New Orleans with the defendant before you talked with Mr. Prospere?
A. I told Mr. E.J., the chief deputy.
Q. And when was it you told him?
A. That was in '71."
The attorney for the appellant then objected:
"Now, I object to bolstering the testimony of this witness."
*307 The court overruled this objection, and the appellant now contends that this was a reversible error.
Bolstering testimony is a form of hearsay evidence and this testimony has been the subject of much discussion by the text writers and by the courts. Our own court has had much to say on this subject.
In the case of Gholar v. State, 203 Miss. 371, 35 So.2d 706 (1948) this court in a rather strong opinion said:
"We have had frequent occasion to rule that it is error to permit the state to bolster the testimony of its witness that he had stated to others out of court what he states in court as the facts; and when that statement is upon the sole or dominant issue in the case, we have held the error reversible. Typical of such a case is Phillips v. State, 177 Miss. 370, 171 So. 24. If we were to hold that a transgression of the rule is harmless if and when the bolstered witness takes the stand and there reaffirms the statement, the rule would amount only to an academic declaration and had as well not be declared at all. It is only when we can say, from the record, that no other verdict could have been reached by an honest jury, that we could pronounce the error harmless, and we do not think this is such a case." 203 Miss. at 375, 35 So.2d at 707.
In Gholar, the state offered the prior declaration made by the witness as a part of the res gestae. This court, however, went beyond the necessity of declaring that the evidence was not a part of the res gestae in order to condemn the practice of bolstering the testimony of a witness.
In the case of Phillips v. State, 177 Miss. 370, 171 So. 24 (1936) where the state was permitted to show that the prosecuting witness had said to others at the scene of the alleged crime that he had been robbed, this court held that the introduction of this evidence was a reversible error. In that case, however, this court recognized that there is at least one exception to the rule, namely  in rape cases.
A great many courts hold that prior consistent statements of a witness are admissible where his testimony is attacked as a recent fabrication and that it is sufficient to permit the prior statements if the evidence discloses an attempt to impeach the witness. See cases cited in Sweazey, Administrator v. Valley Transport, Inc., 6 Wash.2d 324, 107 P.2d 567, 111 P.2d 1010 (1940), 140 A.L.R. 1, Annot. at 21 (1942); 20 Am.Jur. Evidence § 458, at 404 (1948).
A better rule, which seems to have been followed by the greater weight of authority, is that prior consistent statements of a witness are admissible when his credibility has been attacked by proof of prior inconsistent statements for the purpose of rebuttal; [Annot. 140 A.L.R. 59 (1942); 55 Am.Jur. Witnesses § 821, at 459 (1948); 98 C.J.S. Witnesses § 620, at 631-632 (1957)] provided the witness denies having made the alleged inconsistent statement, or admits them, but explains them. Annot. 140 A.L.R. 68 (1942); 98 C.J.S. Witnesses §§ 620-624, at 631-640 (1957).
Evidence of prior consistent statements made by the witness is not evidence of the fact testified to by the witness, but may be offered for the sole purpose of supporting the testimony of the witness whose veracity has been attacked. Evidence of prior consistent statements should be received by the court with great caution and only for the purpose of rebuttal so as to enable the jury to make a correct appraisal of the credibility of the witness. See cases collected under Annot. 75 A.L.R.2d 922 (1961).
In the instant case the witness accomplice denied that he made an inconsistent statement to the defense witness, and we are of the opinion, and so hold, that the admission of a prior consistent statement was admissible under the circumstances in this case as an exception to the general *308 rule requiring the exclusion of prior consistent statements sometimes called "bolstering the witness rule." It is better practice, however, to offer the consistent statements in rebuttal to the evidence offered showing inconsistent statements.
The appellant ardently argues that he should be granted a new trial because a courtroom deputy was in the jury room getting a cup of coffee when three jurors came into the room, although the deputy immediately withdrew without having any conversation with the jurors.
Again it is said that another courtroom deputy went ahead of the jury to arrange for their lunch and later sat at a long table where one of the jurors sat at the far end.
We hold that the circumstances shown in this record are not of sufficient gravity to require a reversal of this case. Bailiffs and custodians of juries are required to have some communication with members of the jury to determine their needs and to carry out the orders of the court. This court has been careful to see that jurors are not influenced by officers [see cases from this state collected Annot. 41 A.L.R.2d 234 (1955)].
We have even condemned the activity of a trial judge who appeared before a grand jury during its deliberations. Sanders v. State, 198 Miss. 587, 22 So.2d 500 (1945).
On the other hand, we have always required that the testimony must reveal that some undue influence was attempted to be exerted on the jurors or that the facts supported a presumption that an undue influence was likely to have occurred by reason of the facts shown. See Sherman v. State, 221 Miss. 47, 72 So.2d 190 (1954); Passons v. State, 208 Miss. 545, 45 So.2d 131 (1950); White v. State, 142 Miss. 484, 107 So. 755 (1926).
In two cases where the facts indicated a strong inference that the communication between officers who were witnesses and members of the jury were likely to have exerted an undue influence on their verdict, we reversed for a new trial. See Perkins v. State, 244 So.2d 414 (Miss. 1971) and Smith v. State, 251 Miss. 241, 169 So.2d 451 (1964). The evidence in the instant case does not bring the facts within our holding in Perkins and Smith, supra.
Affirmed.
SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.