ROBERTSON, Justice, for the Court:
N. L. Thompson, Jr. and James Edward Thompson, his brother, were jointly indicted by the grand jury of the Circuit Court of the Second Judicial District of Bolivar County for the crime of armed robbery. Although jointly tried, the jury was unable to reach a verdict as to James Edward Thompson, but found N. L. Thompson, Jr. guilty as charged. The court sentenced defendant to a term of twenty-five years in the state penitentiary.
About 8:50 P.M. on November 6, 1974, Albert Ferri and his wife, Vera, were preparing to close their country store which was located between Boyle and Skene, Mississippi. Albert was putting cigarettes on the shelf, and Vera was filling the cold drink box when three black men, carrying guns and with faces uncovered, entered the store. Two aimed their weapons at Albert, while the third began choking Vera. Albert tried to go over and help Vera but as he moved in her direction he was shot in the head. After taking about $170 in cash, the robbers fled. Albert Ferri was taken to the hospital and his wound treated. Later Fer-ri identified by their pictures the defendant and his brother, James Edward Thompson, as the robbers who assaulted and shot him.
At the trial, both defendant and his brother asserted alibis as their defense. Defendant said that he was at Darlene Watson’s house the night of November 6, 1974. Darlene Watson testified that the defendant did leave her home in the late afternoon or early night for about an hour and a half, but that when he returned he was at her home all that night.
In his second assignment of error, defendant charged that the trial court erred in overruling his objection to out-of-court statements made by Albert Ferri to Ruby Robinson. Ruby found Albert Ferri on the floor of his store just after he was shot and after the robbers had fled. After they put Ferri in an ambulance, Ruby got in her car and drove directly to the hospital. While Ferri was in the hospital awaiting treatment, Ruby asked him if he knew who did it, and he replied “Yes, I know”. Ruby then asked him “Are you sure?” and he replied “Yes, I know who done it.” Ruby Robinson estimated that this conversation took place at least 30 minutes after she found him on the floor of his store. The court admitted this testimony as being part of the res gestae. This testimony should not have been admitted. It was not part of the res gestae. See Gholar v. State, 203 Miss. 371, 35 So.2d 706 (1948); Haney v. State, 129 Miss. 486, 92 So. 627 (1922).
If this were the only error it would be held to be a harmless error because Ferri named no one in his conversation with Ruby Robinson.
In his fifth assignment of error, appellant argued that “the lower court committed reversible error in overruling appellant’s objection to the introduction in court of statements made by a third party, outside the presence of the appellant, to witness John Albert Washington,” a rebuttal witness for the state. The trial court at first sustained appellant’s objection on the ground of hearsay, but after hearing the matter in chambers the court reversed itself and allowed the evidence to go in.
Washington testified that J. W. Thompson, the younger brother of N. L. Thompson, Jr. and James Edward Thompson, approached him about being a witness for his brothers. Washington’s testimony was vague and general and in no way connected appellant with the actions of J. W. Thompson.
The admission of this hearsay testimony, being a conversation between J. W. Thompson and John Albert Washington out of the presence of the appellant and in no way connected with him, constituted fatal error, and requires the reversal of this case. The rule is clear that testimony of an attempted subornation of perjury, never connected *984 with the defendant himself, is not admissible. McCormick, Evidence, § 273 (2d Ed. 1972); 29 Am.Jur.2d, Evidence, § 293 (1967); Jolly v. State, 269 So.2d 650 (Miss.1972); Dickey v. State, 86 Miss. 525, 38 So. 776 (1905).
Inasmuch as N. L. Thompson, Jr. was found guilty as charged, and was sentenced to a term of twenty-five years in the penitentiary, we must presume that this erroneously admitted testimony did influence the jury against the appellant.
The conviction and sentence are, therefore, reversed, and this cause remanded for a new trial.
REVERSED AND REMANDED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.