The matter before this Court involves an appeal from a conviction of child fondling, where we are called upon to consider the admissibility of a prior consistent statement made by a witness under Rule 801(d)1(B) of the Mississippi Rules of Evidence. We conclude that the admission of the statement by the trial court constituted error because an alleged motive to fabricate existed prior to the victim's statement to the witness. However, in considering the vast weight of the evidence against the defendant, the error was harmless. We find no other reversible error and we, therefore, affirm the judgment of the circuit court.
 I.
On April 22, 1992, Loretta Kendall spent the night at the house of her friend, Frances Vaughn. That night, the defendant Anthony Owens, who had dated Vaughn, visited her around midnight. Owens was asked to spend the night, and he got into bed between Loretta and Frances. Loretta asserts that while lying in bed with the defendant, the defendant placed his hand in her underwear and molested her. She asserts that she immediately got out of the bed and told Frances Vaughn's brother, John Vaughn, who was also present in the house.
Frances Vaughn testified that the defendant stated that he had "touched Loretta in the wrong place and that he was sorry." John Vaughn testified that the defendant then came to him and told him that he was sorry and that "he didn't know what he was doing." The following morning John Vaughn called Loretta's parents and told Mrs. Kendall that the defendant "had messed with [their] . . . daughter" and that they needed to come to the Vaughn's house. While at the Vaughn's house, Loretta's father, Charles Kendall, testified that the defendant drove *Page 816 
up and apologized for the incident and pleaded with them not to call the police.
After leaving the Vaughn's house, the Kendalls and their daughter Loretta went to the Sheriff's department and gave their statements. Owens asserts that Loretta's accusations are fabricated based on her jealousy of the relationship between Frances Vaughn and himself. He testified that while he was in bed between Frances and Loretta, he and Frances were discussing "wedgies" and he was told by Frances to ask Loretta if she wanted a "wedgie." He testified that after he asked Loretta, she responded affirmatively, and he gave her one. In giving her a "wedgie," Owens stated that he did nothing more than grab the back of her underwear and pull up.
Owens testified that later that evening Loretta walked out of the bed "whimpering." After inquiring whether Loretta was jealous again, Owens stated that he left the house. Owens denies making statements of regret to John Vaughn or Dewayne Shields. He also states that he did plead with the Kendalls not to go to the police; however, he did not make statements of regret. The defendant was indicted for child fondling on July 27, 1992, and convicted on March 11, 1993, of the same charge.
The defendant asserts that the trial court committed error by allowing Sheriff Lloyd Defer to testify as to the statements Loretta Kendall gave at his office subsequent to the incident. He further contends that the trial court committed error by allowing the prosecution to refresh the memory of John Vaughn with a written statement which was inconsistent with his testimony.
 b.
On direct examination, Sheriff Defer testified that the victim Loretta Kendall and her parents came to his office the day after the incident on April 23, 1992, and told him that Loretta had been fondled by the defendant. At the request of the prosecution, the Sheriff went on to repeat Loretta's description of the incident between the defendant and herself. The defense voiced their objection to this testimony, stating that it constituted inadmissible hearsay; however, their continuing objection was overruled by the judge.
The defendant asserts that this testimony concerning Loretta's statements was not hearsay because it complied with Rule 801(d)1(B) of the Mississippi Rules of Evidence. Rule 801(d)(1)(B) of the Mississippi Rules of Evidence states:
 A statement is not hearsay if: (1) Prior Statement by Witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive.
Loretta Kendall did testify at trial and was subject to cross-examination concerning her statement to the sheriff.
This Court confronted the issue of admissibility of prior consistent statements in the case of White v. State,616 So.2d 304 (Miss. 1993). The Court stated that the "admission of a prior consistent statement of a witness where the veracity of the witness has been attacked is proper but `should be received by the court with great caution and only for the purpose of rebuttal so as to enable the jury to make a correct appraisal of the credibility of the witness.'" Id. at 308 (quoting Stampley v.State, 284 So.2d 305, 307 (Miss. 1973).
The United States Supreme Court in Tome v. United States, ___ U.S. ___, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995), stated that "a prior consistent statement introduced to rebut a charge of recent fabrication or improper influence or motive was admissible if the statement had been made before the alleged fabrication, influence, or motive came into being, but it was inadmissible if made afterwards." Id. at ___, 115 S.Ct. at 700. The Court further explained that a prior consistent statement may not be admitted to refute all forms of impeachment or merely to bolster the witness's credibility, but only to rebut an alleged motive.Id. The Court emphasized that the limitation of the rule is instructive to reinforce the significance of the requirement that the consistent statements must have been made before an alleged influence, *Page 817 
or motive to fabricate arose. Id. After making a detailed analysis of the rule, the Court concluded that "the language of the Rule, in its concentration on rebutting charges of recent fabrication, improper influence and motive to the exclusion of other forms of impeachment, as well as in its use of wording which follows the language of the common-law cases, suggests that it was intended" to include the requirement that the consistent statements must have been made prior to the arising of the alleged motive to fabricate. Id. at ___, 115 S.Ct. at 702.
During the trial of the instant case, the defendant pursued a line of questioning which implied that the victim, Loretta Kendall, was jealous of the defendant's relationship with her friend Frances Vaughn. Thus, it is alleged that Loretta maintained a motive to fabricate the allegations against the defendant prior to the night of the incident as well as prior to the time at which she made her statements to the sheriff. Following this Court's jurisprudence as well as the United States Supreme Court's decision in Tome, the portion of the testimony given by Sheriff Defer which included references to the statements made by Loretta Kendall is hearsay which is not contained within any exception to the rule. Therefore, the trial court erred in allowing this testimony.[1]
We conclude, however, that the trial court's error was harmless. The jury had before it the testimony of the victim as well as that of Frances Vaughn who stated that immediately after the incident, the defendant expressed to her that "he touched Loretta in the wrong place and that he was sorry." The jury also had the testimony of John Vaughn, Charles Kendall, and Dewayne Shields, who all stated that the defendant expressed his regret about the incident and requested that the authorities not be informed of the incident. The evidence presented by the State through the testimony of the several witnesses is quite overwhelming. Thus, we hold that the error in admitting the cumulative prior statement was harmless.
 c.
During the direct examination of John Vaughn, the prosecution asked Vaughn if he remembered the statement he made to the sheriff and the witness replied that he didn't remember exactly what he had told the sheriff. Thereafter, the prosecution requested that they be allowed to approach the witness to allow him to read over his statement. After approaching the witness and requesting that he read over the statement to himself, the witness informed the prosecution that he could not read.
The defense objected to the court's suggestion that the written statement be read before the jury and the witness be allowed to agree or disagree with it, and a recess was later taken to determine whether the witness' memory was failing or whether his written statement was not an accurate account of what he told the sheriff. Outside of the presence of the jury, Vaughn was asked several questions concerning his statement. The prosecution concluded that there were some inconsistencies between his testimony and his written statement, and decided not to discuss the written statement at all in the presence of the jury. The defense made no objection to this course of action. When the jury reconvened, the prosecution asked the witness what the defendant had told him concerning the incident, and the witness responded as he did prior to the recess.
Rule 612 of the Mississippi Rules of Evidence states, in pertinent part:
 If a witness uses a writing, recording or object to refresh his memory for the purpose of testifying, either (1) while testifying, or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing, recording or object produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce into evidence those portions which relate to the testimony of the witness. . . .
Pages 818 — 822
The Comment to the rule states that Rule 612 permits any writing, recording or object to be used, regardless of whether it is in compliance with the foundation requirements of the Recorded Recollection hearsay exception contained within Rule 803(5) of the Mississippi Rules of Evidence.
The defendant cites King v. State, 615 So.2d 1202 (Miss. 1993) as authority for the proposition that an attempt to refresh the memory of a witness with a prior written statement is hearsay due to the fact that the witness has denied making the statements. There is no authority for such a proposition within this case. Rather, this case holds that a witness may refer to his notes during testimony, even though the witness has failed to establish an exhaustion of memory. Id. at 1207. In reaching this conclusion, this Court relied upon the text of Rule 612 as well as the comment previously cited.
This Court has held that the witness may be refreshed by any writing or at least "some tangible thing." Eastover Bank forSavings v. Hall, 587 So.2d 266, 270-271 (Miss. 1991). It has not ruled in favor of the proposition that a witness's inconsistent prior statement cannot be used to refresh the witness's memory, nor is there any authority for such a proposition within the Rules of Evidence. Furthermore, the position asserted by the defendant is further hampered by the fact that the inconsistent statement was not used by the prosecution to refresh his memory. Rather, the witness remained steadfast throughout the trial proceedings in his account of the events concerning this case. We conclude, therefore, that the defendant's claim is without merit.
For the foregoing reasons, Owens's conviction for the charge of child fondling is affirmed.
CONVICTION OF CHILD FONDLING AND SENTENCE OF EIGHT (8) YEARSIN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHTHE LAST SIX (6) YEARS SUSPENDED PENDING DEFENDANT'S FUTURE GOODBEHAVIOR AFFIRMED.
PRATHER and SULLIVAN, P.JJ., and PITTMAN, McRAE, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.
LEE, C.J., concurs in result only.
[1] In Heflin v. State, 643 So.2d 512, 520 (Miss. 1994), we said in dicta that a similar statement, admissible for the other reasons, was also admissible under 801(d)(1)(B). We now disavow that conclusion.
[EDITORS' NOTE: PAGES 818 — 822 CONTAINED A WITHDRAWN OPINION.] *Page 1356