McMILLIN, C.J.,
for the Court.
¶ 1. On June 25, 2002, the Circuit Court of Forrest County granted Dr. Maribeth Andereck’s Rule 12(b)(6) motion to dismiss the complaint filed by Clifford Kelly Howe and Julie Newsome Howe. The Howes bring this appeal claiming that the circuit court was in error for dismissing their complaint based on their failure to present facts sufficient to overcome the immunity provided by Miss.Code Ann. § 43-21-355 (Rev.2000) for reporting suspected child abuse. The Howes additionally contend, in the event, that this Court orders the case to be reversed and remanded, that they should be allowed to revive their claim against Sacred Heart Catholic School’s Board of Education. Finding that the circuit court did not err in granting the order of dismissal, we affirm, and as a result, the province of this Court does not extend to making a determination as to the Howes’ alternative contention.
I.
Facts
¶2. Heather Autumn Howe, a minor child of Clifford Kelly Howe and Julie Newsome Howe, was a student of Sacred Heart Catholic School during the 2000-2001 school year. The acting principal of Sacred Heart, which is a parochial school operated by Sacred Heart Parish and the Catholic Diocese of Biloxi, was Dr. Mari-beth Andereck.
¶ 3. In March of 2001, after investigating reports of abnormal behavior by Heather, Dr. Andereck determined that she had reasonable cause to believe that Heather may have been the subject of abuse. Dr. Andereck then contacted the Forrest County Department of Human Services (DHS), as required by Section 43-21-353 of the Mississippi Code, to disclose her findings, and the DHS subsequently initiated an investigation.
¶ 4. An investigation by the DHS ensued. After learning of the investigation, the Howes filed a complaint in October of that same year to recover damages for defamation, libel, slander, false light, and intentional infliction of emotional distress against Dr. Andereck and the Board of Education of Sacred Heart Catholic School. Dr. Andereck and the Board of Education filed a motion to dismiss pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure arguing that the Howes’ complaint was without merit in that the mandatory reporting requirement of Miss.Code Ann. § 43-21-353 was pro *243 vided immunity under Miss.Code Ann. § 43-21-355. Dr. Andereck and the Board of Education also argued, in the alternative, that the complaint should be dismissed because all necessary parties were not included in the lawsuit.
¶ 5. The following January, the Howes amended their complaint, dismissing the Board of Education as a named defendant; however, they continued with their claim against Dr. Andereck. The Howes, though, did not conduct any written discovery or take any depositions within the ninety-day discovery period, so on Dr. An-dereck’s motion, the court entered an order dismissing all claims against Dr. An-dereck with prejudice under Rule 12(b)(6). The Howes filed a motion for reconsideration, and in March, the circuit court held a hearing on that motion. As a result, the court entered an order in May granting the Howes eleven additional days to conduct limited discovery in order to gather information to amend^ their complaint to state with specificity the actions of Dr. Andereck that they claim bring her conduct as school administrator outside the immunity granted by Miss.Code Ann. § 43-21-355.
¶ 6. The Howes filed an amended complaint, but the court again ruled that they had failed to allege a factual scenario that would overcome the immunity granted by Mississippi’s child abuse reporting statute. On Dr. Andereck’s renewed motion to dismiss, the circuit court entered an order dismissing with prejudice the Howes’ claims. Aggrieved by the judgment, the Howes have perfected this appeal.
II.
Discussion
A.
Issue and Standard of Review
¶ 7. The issue before the Court is whether the Howes have stated a claim upon which relief may be granted. A Mississippi Rule of Civil Procedure 12(b)(6) motion to dismiss raises a question of law, from which this Court conducts a de novo review. Duncan ex rel. Duncan v. Chamblee, 757 So.2d 946, 948(¶ 10) (Miss.1999). Upon considering such a motion, we must accept as true the allegations in the complaint and refrain from granting the motion unless the Howes appear beyond doubt incapable of proving any set of facts to support their claim. Id. at (¶ 11). More particularly, in this case we must decide whether the allegations advanced by the Howes in their complaint are such as to create a justiciable issue as to whether they have overcome the immunity conferred upon Dr. Andereck, pursuant to Section 43-21-355, for reporting her belief that the Howes’ daughter may have been the subject of abuse.
B.
Mandatory Reporting of Child Abuse
¶ 8. Mississippi’s child abuse reporting statute is codified in Section 43-21-353 of the Mississippi Code and states, in pertinent part, that a “public or private school employee or any other person having reasonable cause to suspect that a child is a neglected child or an abused child, shall cause an oral report to be made immediately ... to the Department of Human Services.... ” Miss.Code Ann. § 43-21-353(1) (Rev.2000) (emphasis added). The language of the statute unequivocally commands reporting to be a mandatory duty.
¶ 9. The enactment of this mandatory reporting legislation was for the single purpose of advancing the State’s fundamental objective of eliminating child abuse and neglect. Reinforcing this mandate, the legislature also codified two other de *244 vices to encourage reporting of suspected abuse. The first is a sanction for failing to report and is. codified in Section 43-21-353(7), which states that “[a]nyone who willfully violates any provision of [Section 43-21-353] shall be, upon being found guilty, punished by a fine ... or by imprisonment....” Miss.Code Ann. §43-21-353(7) (Rev.2000). The second device is a grant,of immunity and is codified in Section 43-21-355, stating that “[a]ny person ... reporting in good faith shall be immune from any liability, civil or criminal, that might otherwise be incurred or imposed.” Miss.Code Ann. § 43-21-355 (Rev.2000).
C.
Good Faith Immunity
¶ 10. The duty to report suspected child abuse attaches to an individual the moment they are presented with a situation producing “reasonable cause” for such suspicion. Hence, the standard for reporting is possessing suspicion of child abuse that is founded upon reasonable cause. Persons having reasonable cause must report their suspicion, and if reported in good faith, they are immune from civil liability for doing so'. Immunity, therefore, is conditioned upon the report being made in good faith.
¶ 11. The good faith qualification was presumptively extended to Dr. Ander-eck’s reporting because a “nonpublic school employee,” such as Dr. Andereck, “or any other person participating in the making of a required report pursuant to Section 43-21-353 ... shall be presumed to be acting in good faith.” Miss.Code Ann. § 43-21-355 (Rev.2000). It is the functional effect of this presumption that is at the heart of this case. In her brief, Dr. Andereck maintains -that the statutory presumption of good faith can only be interpreted as shielding mandatory reporters, such as herself, with absolute, immunity. Conversely, the Howes argue that mandatory reporters are extended nothing more than a limited immunity.
¶ 12. The immunity extended by the statute, as the Howes contend, is limited, but the limitation is conditioned upon nothing other than the presence of good faith. This limitation will be clarified as we dispose of the pivotal issue in this case, which is the application of the limited immunity and presumption of good faith in conjunction with a Rule 12(b)(6) motion to dismiss.
D.
Presumption of Good Faith
¶ 13. The immunity of Section 43-21-355 is not absolute because any person who reports can be found civilly and criminally liable if the plaintiff can produce evidence demonstrating that they reported in bad faith, which requires a showing of ill-will or actual malice. The statutorily mandated presumption of good faith, therefore, is rebuttable.
¶ 14. In application, then, the function of the presumption is to absolve mandatory reporters from having to present evidence that demonstrates they acted in good faith, unless, however, the plaintiff can produce affirmative evidence to overcome the presumption. Upon presentation of such evidence by the plaintiff, the presumption is rebutted, and a Rule 12(b)(6) motion to dismiss is then defeated, but not before.
¶ 15. To aid in understanding this concept, the Appellate Court of Illinois, Fourth District, in Lehman v. Stephens, illustrated meeting the presumption of good faith by introducing what it termed the “bursting bubble theory.” Lehman v. *245 Stephens, 148 Ill.App.3d 538, 101 Ill.Dec. 736, 499 N.E.2d 103, 112 (1986). Upon filing, mandatory reporters are automatically enveloped in a bubble of immunity. But “once evidence is introduced contrary to the presumption, the bubble bursts, and the presumption vanishes.” Id. (citations omitted). The party acting under the presumption has nothing to prove, while “[t]he party intending to rebut the presumption must come forward with evidence sufficient to support a finding of the nonexistence of the presumed fact.” Id. Failure to present any evidence contrary to the presumption, demands that “the prima fa-cie case created under the presumption will prevail, and the defendants would be entitled to judgment as a matter of law.” Id.
III.
Conclusion
¶ 16. For the Howes to overcome the good faith presumption, thereby defeating Dr. Andereck’s motion to dismiss, their obligation was to satisfy the court as to the availability of evidence that demonstrates Dr. Andereck acted with ill-will or actual malice. The mere conclusory allegations and accusations in the complaint were insufficient to overcome the presumption. In an apparent effort to address the inadequacy of their complaint, the Howes claim that they were unable to rebut the presumption of good faith because the circuit court dismissed the case without allowing them adequate time to conduct discovery. By making this contention, the Howes, in effect, admit their failure to present any actual evidence to meet the statutory presumption of good faith. Nonetheless; they maintain that they were improperly hindered in pursuing such evidence, if it existed.
¶ 17. We find that contention to be without merit. In the eight month period between the filing of their original complaint and the order entered by the circuit judge, the Howes conducted no discovery to gather evidence for the purpose of overcoming the presumption in Dr. Andereck’s favor. They neglected to submit any discovery even after the trial judge extended discovery an additional eleven days.
¶ 18. Presented with no evidence outside the bare allegations of the complaint, which contained no specific factual assertions that, if proven, would create a legitimate disputed issue of whether Dr.. Ander-eck was proceeding in bad faith, we cannot find error in the trial court’s ruling.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR. SOUTHWICK, P.J., AND GRIFFIS, J., NOT PARTICIPATING.