KING, C.J., for the Court:
¶ 1. J.M., a minor child, by and through her mother, V.M., filed suit against the Holmes County School District (school district) and several school district officials, alleging various claims that include failure to report sexual abuse, negligent hiring, and intentional infliction of emotional distress. The Holmes County Circuit Court granted summary judgment in favor of the school district and its officials. Aggrieved, J.M. appeals, raising two issues:
I. Whether the trial court erred by finding that the school district sufficiently reported the alleged abuse pursuant to Mississippi Code Annotated section 97-5-24 (Rev.2006), and
II. Whether the trial court erred by finding that the school district sufficiently reported the alleged abuse pursuant to Mississippi Code Annotated section 43-21-353 (Rev.2009).
Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶2. On January 15, 2007, J.M. participated in a parade as a member of her high school band.[1] On the return trip home, Harold Epps, a high school employee and an adult chaperone, sat on the bus seat next to J.M.
¶ 3. On January 17, 2007, V.M., J.M.’s mother, contacted the Holmes County Sheriffs Department and alleged that Epps had sexually abused her daughter during the bus ride. V.M. also took J.M. to the hospital for an examination. Hospital officials instructed V.M. to contact the Mississippi Department of Human Services (DHS) to report her claim. V.M. reported the incident to DHS, and DHS referred the case to local law enforcement. A copy of DHS’s “Law Enforcement Referral” form was presented to the trial court. The form detailed that the case was reported on January 17, 2007, and it included the names of the parties involved and a description of the complaint.
¶ 4. Later that afternoon, V.M. reported the incident to Dr. Percy Washington, J.M.’s high school principal. After learning about the incident, Dr. Washington contacted the sheriffs department and DHS. Both confirmed that V.M. previously *620 had filed a report. Dr. Washington also questioned other chaperones, band members, and the band director. No one noticed anything unusual on the bus, and no wrongdoing was reported to the chaperones or the band director.
¶ 5. Powell Rucker, the school district’s assistant superintendent, followed up on the matter. In an electronically signed memo dated January 18, 2007, Rucker informed Stephen Bailey, the superintendent, that Dr. Washington had contacted both DHS and the sheriffs department regarding the incident. In a more detailed letter dated January 22, 2007, Dr. Washington relayed the results of his investigation to Rucker and informed him that the police were investigating the incident as well. Subsequently, Epps was arrested and indicted for sexual assault.
¶ 6. On July 10, 2007, J.M. filed a complaint in the Circuit Court of Holmes County against the school district, Bailey, Dr. Washington, and Epps (hereinafter collectively referred to as the school district). In the original complaint, J.M. (1) requested an injunction prohibiting future conduct of a similar nature; (2) alleged that the school district had violated state and federal law and was negligent in hiring, monitoring, training, and supervising Epps, Bailey, and Dr. Washington; (3) argued that the defendants were negligent per se by failing to report immediately the abuse to DHS; (4) alleged intentional or negligent infliction of emotional distress; (5) alleged civil assault and battery; and (6) argued premises liability. The case was removed to federal court. Thereafter, J.M. filed an amended complaint, removing her federal-law claims from the complaint, and the case was remanded to state court.
¶ 7. Pursuant to an agreed order, defendants Bailey and Dr. Washington were dismissed in their individual capacities. On December 9, 2008, the school district filed a motion to dismiss or, in the alternative, a motion for summary judgment pursuant to the Mississippi Tort Claims Act. In response, J.M. filed a rebuttal brief in which she alleged for the first time that the school district failed to notify the district attorney about the alleged abuse pursuant to Mississippi Code Annotated section 97-5-24. The school district protested the addition of this new claim. On February 27, 2009, the trial court granted the motion in part and denied the motion in part. The trial court found that the school district was immune from liability and dismissed with prejudice all issues except for the claim of negligence per se for failure to report.
¶ 8. The school district filed a motion to reconsider on March 9, 2009, asking the trial court to reconsider its decision regarding the failure to a report claim. The trial court granted the motion to reconsider. After reviewing the pleadings, motions, exhibits, and oral argument, the trial court found that the school district had investigated the allegations of abuse and sufficiently reported the allegations to DHS. The trial court also found that the school district had reported the alleged abuse to the sheriffs department, which the trial court stated was the same as reporting it to the district attorney. On April 27, 2009, finding that no genuine issue of material fact existed regarding the claim, the trial court granted the motion for summary judgment and dismissed the remaining issue with prejudice. Aggrieved, J.M. timely filed her notice of appeal.
ANALYSIS
¶ 9. The trial court’s grant or denial of summary judgment is reviewed under a de novo standard of review. One South, Inc. v. Hollowell, 963 So.2d 1156, 1160 (¶ 6) (Miss.2007). “[Sjummary judgment is ap *621 propriate where ‘the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ” Id. (quoting M.R.C.P. 56(c)). We view the evidence in the light most favorable to the nonmoving party, and the moving party bears the burden of showing that no genuine issue of material fact exists. Id.
¶ 10. It is important to note that J.M. claims that the school district violated two reporting statutes — Mississippi Code Annotated section 43-21-353 (Rev.2009) and section 97-5-24 (Rev.2006), which will be discussed in greater detail below. However, J.M. failed to raise a claim under section 97-5-24 in her complaint below.
¶ 11. Similarly, in Doe ex rel. Brown v. Pontotoc County School District, 957 So.2d 410, 419 (¶ 24) (Miss.Ct.App.2007), the appellant failed to plead any duty to report claim in the complaint. The claim was raised for the first time at trial. Id. On appeal, this Court was not convinced that the issue was properly preserved for appeal. Id. However, the Court addressed the reporting duty under each statute— section 97-5-24 and section 43-21-353. Id. at 419-22 (¶¶ 24-30). This Court found that the statutory reporting duty under section 43-21-353 was more general while the reporting duty under section 97-5-24 was more specific. Id. at 419-20 (¶24). Based on the rules of statutory construction, this Court found that the more specific statute — section 97-5-24 — controls in determining whether the defendant met its statutory duty. Id. We find that a determination of whether J.M.’s claim is barred from review would be futile and, thus, proceed to address her argument in accordance with Doe.
I. Mississippi Code Annotated section 97-5-24
¶ 12. J.M. argues that the trial court erred by determining that the school district sufficiently complied with section 97-5-24 by contacting the sheriffs department, because the statute specifically states that the school district should contact the district attorney under these circumstances. Conversely, the school district argues that J.M. is procedurally barred from raising this argument because it was not raised in either her original complaint or her amended complaint. Alternatively, the school district argues that it sufficiently complied with the statute by contacting the sheriffs department after learning about the alleged abuse.
¶ 13. Section 97-5-24 provides that:
If any person eighteen (18) years or older who is employed by any public or private school district in this state is accused of fondling or having any type of sexual involvement with any child under the age of eighteen (18) years who is enrolled in such school, the principal of such school and the superintendent of such school district shall timely notify the district attorney with jurisdiction where the school is located of such accusation, provided that such accusation is reported to the principal and to the school superintendent and that there is a reasonable basis to believe that such accusation is true.
There is little case law regarding section 97-5-24. However, there are similar statutes upon which we base our analysis. The purpose of such statutes is to eliminate the abuse of children and to prompt swift investigations into allegations of abuse. See Howe v. Andereck, 882 So.2d 240, 243-44 (¶ 9) (Miss.Ct.App.2004). “The duty to report suspected child abuse attaches to an individual the moment they *622 are presented with a situation producing ‘reasonable cause’ for such suspicion.” Id. at 244 (¶ 10). Thus, pursuant to section 97-5-24, “the accusation of specific inappropriate behavior by an employee or a school district will only be reported to the district attorney if an accusation is first reported to the principal and superintendent and there is a ‘reasonable basis to believe’ [that] the accusation is true.” Doe, 957 So.2d at 420 (¶ 25) (quoting Miss. Code Ann. § 97-5-24 (Rev.2006)).
f 14. J.M. argues that the trial court erred by not making a determination of reasonableness regarding whether there was a need for the school district to report the alleged sexual abuse to the district attorney. J.M. takes issue -with a statement made by Rucker in his deposition. When asked whether or not the incident was reported to the district attorney, Rucker stated that based on the sheriffs department’s investigation, there was no reasonable cause to report the incident to the district attorney. The trial court did not directly rule on the issue of reasonableness. However, during the hearing on the motion to reconsider, the trial court found that “[s]eetion 97-5-24 was satisfied in that [the school district] contacted the Holmes County Sheriffs Department, the law enforcement, which basically is the same as contacting the district attorney’s office. And the purpose for all these contacts is for investigation.”
¶ 15. Based on our review of the record, the evidence shows that V.M. contacted the hospital, DHS, and the sheriffs department before she reported the incident to school officials. The incident was not first reported to the principal or the superintendent. The school district was unaware that any alleged misconduct had occurred prior to V.M.’s contact with Dr. Washington. Because V.M. had contacted all of the proper authorities before she reported the incident to school officials, no duty to report actually arose on behalf of the school district. In an exercise of caution, the school district contacted DHS and the sheriffs department. DHS officials and the sheriffs department informed the school district that the incident had already been reported. There was nothing else for the school district to do in regard to its reporting duty.
¶ 16. J.M. maintains that the trial court erred by finding that contacting the sheriffs department was the same as contacting the district attorney. J.M. claims that the statute should be strictly construed. It has long been recognized that “[t]he sheriff is the chief law enforcement officer of the county[,] and it is the duty of him and his deputies to assist the district attorney, the main prosecutor for the State.” Smith v. State, 251 Miss. 241, 243, 169 So.2d 451, 452 (1964). As previously mentioned, the purpose of the statute is to eliminate the abuse of children and to encourage swift investigations into allegations of a student’s sexual abuse by a school employee. See Howe, 882 So.2d at 243-44 (¶ 9). The record reveals that a prompt investigation of the matter ensued. In fact, Epps was subsequently indicted by the Holmes County grand jury for sexual battery. Although the school district did not directly contact the district attorney’s office regarding the alleged abuse, it is clear that the information was relayed to the district attorney’s office, which satisfies the purpose of the statute.
¶ 17. J.M. also argues that the trial court erred by relying upon an unsigned letter sent from Rucker to Bailey stating that Dr. Washington had contacted DHS and the sheriffs department. The record reveals that the letter did in fact bear an electronic signature. Nevertheless, we find that whether or not the letter was signed is of no consequence. The trial *623 court had plenty of other evidence to consider, such as Dr. Washington’s and Ruck-er’s depositions. Viewing the evidence in the light most favorable to J.M., there was nothing presented to suggest that the statements made by Dr. Washington and Rucker were untrue. Based on the foregoing, we find that the trial court did not err by finding that: no genuine issue of material fact existed; the school district complied with section 97-5-24; and the school district was entitled to a judgment as a matter of law. This issue is without merit.
II. Mississippi Code Annotated section 43-21-353
¶ 18. As previously mentioned, we find that section 97-5-24 controls whether the school district met its reporting duty. Despite this, it is clear that the school district also met any duty to report pursuant to section 43-21-353.
¶ 19. Section 43-21-353 basically identifies those persons who are under a duty to report child abuse, which includes school employees. The statute provides that persons under a duty to report child abuse, who have reasonable cause to suspect child abuse, must first report their suspicion to DHS in an oral report and follow up thereafter with a written report. Miss.Code Ann. § 43-21-353(1). The statute further provides the order of reporting between the agencies — DHS, local law enforcement, and the district attorney’s office. See id. DHS is required to provide local law enforcement and the district attorney’s office with information from its investigation. Id.
¶20. J.M. argues that, although the school district made an oral report to DHS by telephone, the school district should have followed up with DHS in writing. As previously stated, the school district had no reason to believe that J.M. was sexually assaulted by Epps until V.M. reported the matter to Dr. Washington. Before reporting the matter to Dr. Washington, V.M. had already contacted the proper authorities, including DHS. In an exercise of caution, the school district contacted DHS and was informed that the matter had already been reported. A copy of DHS’s “Law Enforcement Referral” sheet was presented to the trial court. The form detailed that the case was reported on January 17, 2007. Pursuant to the statute, the form does not state who reported the claim. See Miss.Code Ann. § 43-21-353(4). The form included the names of the parties involved and a description of the complaint. Thus, there was nothing else for the school district to do in regard to its reporting duty.
¶21. Based on the foregoing, we find that the school district satisfied its burden. Thus, the trial court did not err by granting summary judgment in favor of the school district. This issue is without merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF HOLMES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE AND MYERS, P.JJ, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ„ CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON AND MAXWELL, JJ., NOT PARTICIPATING.

. To protect the anonymity of minor victims of sexual abuse, we use initials to represent their names.